## UNITED STATES v. HORRAX (No. 396).[1]

TAPELIKE BELTING FOR CIGARETTE-MAKING MACHINES.

A tapelike article made of cotton or other vegetable fiber and used as a belt running over the wheels of a cigarette-making machine is not dutiable under paragraph 349, tariff act of 1909, but is dutiable under paragraph 330 of that act. Morrison et al. v. United States, 107 Fed. Rep., 113.

### United States Court of Customs Appeals, January 5, 1911.

APPEAL from a decision of the Board of United States General Appraisers, Abstract 23751 (T. D. 30828).

[Affirmed.]

D. Frank Lloyd, Assistant Attorney General (Thos. J. Doherty on the brief), for the United States.

Walden & Webster for appellee.

Before MONTGOMERY, HUNT, SMITH, BARBER, and DE VRIES, Judges.

HUNT, Judge, delivered the opinion of the court:

Appeal by the United States from a decision of the Board of General Appraisers, reversing the action of the collector at New York in assessing duty at the rate of 60 per cent ad valorem, under the provisions of paragraph 349 of the tariff act of 1909, on certain material sold by the importer to manufacturers of cigarettes and used by them as belting on cigarette-making machines. The provision in paragraph 349 of the act of 1909 is as follows:

\* \* \* tapes, \* \* \* composed wholly or in chief value of cotton, flax, or other vegetable fiber, \* \* \* not elsewhere specially provided for in this section. \* \* \*

The importer contends that the proper duty is 30 per cent ad valorem, under that part of paragraph 330 of the aforesaid act which provides:

\* \* \*. belting for machinery made of cotton or other vegetable fiber and india rubber, or of which cotton or other vegetable fiber is the component material of chief value. \* \* \*

At the trial, which was had before the Board of General Appraisers, several witnesses gave their testimony. The evidence produced by the importer was substantially that the article, which is a strong, tapelike manufacture of an inch in width, is used for machine belts on cigarette machines. The material is cut into proper lengths, then sewed together to make a belt. The belt is run over the wheels of the machine, which are about 4 feet apart, very much as factory belting is ordinarily used where machinery is employed. The purpose of the belt is to convey the paper and tobacco to a tube where they are put together in the form of cigarettes.

The evidence of the Government's witnesses tends to show that the article was commercially known as tape, and, though wider, was quite

---

similar to tapes used for bindings, trimmings, and strings; that narrower tapes were sold to tailors; and that on one occasion such a special tape as is involved herein had been imported for and sold to a tobacco company which used it for "bunching cigars and putting in cigarette machines."

The case of the Government is weak upon the evidence. For instance, Mr. Cantrell, one of the witnesses, said that his firm had not had actual experience in the buying and selling of the particular material involved in this suit. But Adolph Keller, another witness for the Government, said that he had had experience with tapes very similar to the kind illustrated by the exhibit, and that upon one occasion he had imported tape identically the same for a tobacco company which used it for bunching cigars and putting in cigarette machines. Adolph Albert, a dealer in tapes, buckles, etc., also called by the Government, said that his house dealt in tapes of narrower widths, used for tailoring purposes and manufacturing; that they sold to jobbers who sold to tailors, but that they never sold a tape as wide as the exhibit.

Upon this evidence we must affirm the finding of the board in its deduction that the article is a belting for machinery made of cotton or other vegetable fiber. The belting may be called a tape in the sense that it is a narrow, flexible band of a strong fabric, rotating on machine wheels, and used to convey cigarette papers and tobacco, but it is specifically a tape actually imported to be used as belting for transmitting motion from one piece of machinery to another, and is sold to cigarette manufacturers and used by them for such purpose, and it would seem from the evidence is not sold for any other use.

This being so, the principle which must be applied is that inasmuch as the articles are principally and commonly used as belting for cigarette machinery, the use for belting must prevail, and determines the classification. Magone *v.* Wiederer (159 U. S., 555), Meyer et al. *v.* Cadwalader (89 Fed. Rep., 963). Again, if we assume that paragraph 349 pertains to a class of tapelike fabrics, such as we have before us, nevertheless we find that the word "tapes" in paragraph 349 is qualified by the words "not elsewhere specially provided for in this section," while the provision in paragraph 330 for "belting for machinery" is not so limited. The provision for belting for machinery must therefore control, under the rule that if an article is within the terms of a general designation, qualified by the phrase "not specially provided for," and there is a specific term not so qualified covering the article, the classification should be under the unqualified clause. Morrison et al. *v.* United States (107 Fed Rep., 113).

As these views seem to us to be decisive of the case, the decision of the board is *affirmed.*