MARK CROSS CO. v. UNITED STATES (No. 415).[1]

SMOKERS' ARTICLES OF LEATHER.

The articles named in paragraph 475, tariff act of 1909, are all related in actual use, and it would be to deny a reasonable and proper effect to that clause in that paragraph, which includes "all smokers' articles whatsoever," if leather cigar or cigarette cases should be classed as leather rather than as smokers' articles, the last being a more specific term, and so leather cigar or cigarette cases are dutiable, not under paragraph 452, tariff act of 1909, but under paragraph 475 of that act.

United States Court of Customs Appeals, March 27, 1911.

APPEAL from decision of the Board of United States General Appraisers, Abstract 23575 (T. D. 30733).

[Affirmed.]

*Walden & Webster* (*Henry J. Webster* of counsel) for appellant.

*D. Frank Lloyd*, Assistant Attorney General (*Frank L. Lawrence* on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MARTIN, Judge, delivered the opinion of the court:

On the 30th of August, 1909, the appellant imported into this country a consignment of cigar and cigarette cases, composed in chief

---

[1] Reported in T. D. 31457 (20 Treas. Dec., )607.

value of leather, designed to be carried in the pocket or in travelers baggage.

Duty was assessed upon them at 60 per cent ad valorem under paragraph 475 of the tariff act of 1909, which reads as follows:

475. Pipes and smokers' articles: Common tobacco pipes and pipe bowls made wholly of clay, valued at not more than forty cents per gross, fifteen cents per gross; other tobacco pipes and pipe bowls of clay, fifty cents per gross and twenty-five per centum ad valorem; other pipes and pipe bowls of whatever material composed, and all smokers' articles whatsoever, not specially provided for in this section, including cigarette books, cigarette book covers, pouches for smoking or chewing tobacco, and cigarette paper in all forms, sixty per centum ad valorem.

The appellant protested against this assessment, claiming that while the imported articles fell within the general description of smokers' articles, they nevertheless came more specifically within the provisions of paragraph 452, the pertinent part of which reads as follows:

452. Bags, baskets, belts, satchels, cardcases, pocketbooks, jewel boxes, portfolios, and other boxes and cases, made wholly of or in chief value of leather, not jewelry, and manufactures of leather, or of which leather is the component material of chief value, not specially provided for in this section, forty per centum ad valorem.  * * *

The protest was heard upon evidence by the Board of General Appraisers and overruled.  The appellant prays for a reversal of that decision.

It is conceded that the question is to be decided by application of the rule that the more specific of the two provisions shall prevail, for the imported articles plainly come within the language of each.

Such a question as between paragraphs of rather general application is often perplexing; and its solution may sometimes seem to depend upon the angle of observation.  The leather paragraph, however, provides for cases composed in chief value of leather—that is, for all such cases—and it therefore includes not only cigar and cigarette cases so composed, but also all other kinds of such leather cases.  The smokers' paragraph provides for smokers' articles only, and would therefore include only such leather cases as are used by smokers—that is, the first paragraph provides for all cases composed in chief value of leather, the second provides only for such cases, so composed, as are used by smokers.  Therefore, in so far as these two paragraphs respectively touch upon such leather cases, the first paragraph includes all, and the second only a part; the first is the genus, and the second the species.

The question is, which paragraph deals the more specifically with such cases; and the foregoing statement seems to show that the smokers' paragraph is the more limited, definite, and specific of the two in its relation to this subject matter.

Another consideration suggests itself: The smokers' paragraph provides in terms for "all smokers' articles whatsoever, not specially provided for in this section."  Now, all such articles are manufactured

of leather, wood, stone, glass, metal, or some such material. If the materials composing the smokers' articles were to prevail over the use of the articles in determining their classification, it may well happen that very few smokers' articles indeed would remain within the purview of the paragraph. And thereby the obvious and expressed purpose of the paragraph to establish a class of articles by reference to their similar use would be entirely defeated.

It may also be said that the articles included within the leather paragraph are related to each other by their common composition; those included within the smokers' paragraph are related by their common use; and this latter relation seems under the circumstances to be the more distinct and specific method of describing either as a class.

The decision of the board is therefore *affirmed.*

MONTGOMERY, Presiding Judge, and SMITH, BARBER, and DE VRIES, Judges, concur.