UNITED STATES *v.* HAAKER & Co. *et als.* (No. 1211).[1]

HERRING, PICKLED AND BONED, OR PICKLED, SKINNED, AND BONED.

This merchandise is within the literal meaning of the language in both paragraph 272 and paragraph 273, tariff act of 1909, but "herrings, pickled," of paragraph 272 is the more specific designation and therefore would control. Further than this, "herring" is an *eo nomine* designation.—Brennan *v.* United States (136 Fed., 743), United States *v.* Reiss & Brady (136 Fed., 741) distinguished.

United States Court of Custom Appeals, November 11, 1913.

APPEAL from Board of United States General Appraisers, G. A. 7485 (T. D. 33659).

[Affirmed.]

*William L. Wemple,* Assistant Attorney General (*Charles E. McNabb,* assistant attorney, of counsel), for the United States.

*Comstock & Washburn* for appellees.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

SMITH, Judge, delivered the opinion of the court:

Herring, pickled and boned, and herring, pickled, skinned, and boned, were classified by the collector of customs at the port of

---

New York as fish, skinned or boned, and assessed for duty at 1¼ cents per pound under the provisions of paragraph 273 of the tariff act of 1909, which reads as follows:

273. Fish, fresh, smoked, dried, salted, pickled, frozen, packed in ice or otherwise prepared for preservation, not specially provided for in this section, three-fourths of one cent per pound; fish, skinned or boned, one and one-fourth cents per pound; mackerel, halibut, or salmon, fresh, pickled, or salted, one cent per pound.

The importers, protesting against the classification of the goods and the assessment of duty thereon by the collector, claimed that the merchandise should have been assessed for duty as herrings, pickled or salted, smoked or kippered, at one-half of one cent per pound under the provisions of paragraph 272 of said act, which reads as follows:

272. Herrings, pickled or salted, smoked or kippered, one-half of one cent per pound; herrings, fresh, one-fourth of one cent per pound; eels and smelts, fresh or frozen, three-fourths of one cent per pound.

The Board of General Appraisers sustained the protest, and the Government appealed.

At the hearing before the board it was stipulated between the Government and the importers that the herrings referred to in one of the protests were pickled and boned and that those mentioned in the other were pickled, skinned, and boned.

The Government contends, first, that paragraph 272 provides only for "herrings, pickled or salted, smoked or kippered," and that therefore the provision can not be enlarged so as to cover conditions not specified in the law and provided for specifically elsewhere; second, that the merchandise imported is dutiable under paragraph 273, either as a more specific provision for the goods than paragraph 272 or by virtue of the fact that both paragraphs being equally applicable paragraph 273 must be preferred, inasmuch as it imposes the higher rate; third, that the goods are not dutiable under either paragraph and that therefore the assessment of the collector should not be disturbed.

We can not agree with any of these contentions. Herring, pickled, is none the less herring, pickled, because it happens to be skinned or boned, and for that matter fish skinned or boned is none the less fish skinned or boned because it happens to be pickled. The argument that the merchandise is skinned or boned and therefore excluded from paragraph 272 may be applied with equal force to exclude it from paragraph 273, which covers fish skinned or boned, but not herring, pickled. In our opinion the merchandise is within the literal meaning of both paragraphs, and were either omitted from the tariff act the goods might well be assessed for duty under the other. From

the fact, however, that the merchandise is covered by the language of both provisions it does not necessarily follow that both are equally applicable and that therefore the paragraph carrying the higher rate of duty should prevail. To be equally applicable it is necessary that both provisions should be equally specific, and failing that, duty must be assessed under the provision which is the less comprehensive, regardless of whether it imposes the lower or the higher rate of duty.

The decision of the case therefore really involves nothing more than the determination of whether the importation is more specifically designated as " herring, pickled," or as " fish, skinned or boned."

Were the competing provisions " herring, pickled," and " herring, skinned or boned," it is entirely probable that the latter might be regarded as the narrower designation, considering that the former embraces not only herring, skinned and boned, but also those which are not. Here, however, the competition is not between " herring, pickled," and " herring, skinned or boned," but between " herring, pickled," and a broad provision which comprehends not only herring, but all fish skinned or boned and whether pickled or not. As between two such provisions we think it obvious that " herring, pickled," is the more specific. Ahlbrecht *v.* United States (2 Ct. Cust. Appls., 471; T. D. 32226).

Moreover, the goods in controversy are provided for by name, and we think it is well settled that the duty imposed on merchandise under an *eo nomine* designation must be preferred to that prescribed elsewhere in the act in general language or in words of general description broad enough to comprehend the importation. Arthur *v.* Lahey (96 U. S., 112–113); Vietor *v.* Arthur (104 U. S., 498–499); Robertson *v.* Glendenning (132 U. S., 158–159); Chew Hing Lung *v.* Wise (176 U. S., 156–160).

Standing by itself the term " herring " would be an *eo nomine* designation embracing herring of every kind and whatever their state or condition so long as they retained their identity as herring. " Herring, pickled," is no less an *eo nomine* designation and covers all pickled herring, whether skinned or boned or not, and a duty imposed under that designation must prevail over one couched in such general terms as " fish, pickled," or " fish, skinned or boned."

We are not unmindful of the well-considered decisions rendered in Brennan *v.* United States (136 Fed., 743) and in United States *v.* Reiss & Brady (136 Fed., 741) by the Circuit Courts of Appeals of the First and Second Circuits. We feel free to say, however, that we find nothing in either of those cases which conflicts with the views which we have here expressed. In both cases it was held in effect that the competing provisions related to totally different classes of merchandise and that the provision applicable to one class was not

at all applicable to the other. Moreover, in each of the cases the court took occasion to reiterate the correctness of the doctrine that an *eo nomine* designation takes precedence of general language or words of general description.

The decision of the Board of General Appraisers is *affirmed*.