## SMITH & CO. v. UNITED STATES (No. 1229).[2]

SALTED OR SMOKED HERRINGS IN OIL IN TINS.

> The broad language of paragraph 270, tariff act of 1909, fixing duty on fish (except shellfish), by whatever name known, packed in oil, makes the legislative intent clear to include all fish so processed, including herrings. The word "herrings" is not there used, but herrings are included within its terms just as definitely and exactly as if the word had been employed, for it includes fish conditioned as there described by whatever name known.—United States v. Smith & Nessle Co. (4 Ct. Cust. Appls., 70; T. D. 33312) distinguished.

### United States Court of Customs Appeals, December 15, 1913.

APPEAL from Board of United States General Appraisers, G. A. 7474 (T. D. 33588). [Affirmed.]

*B. A. Levett* for appellants.

*William L. Wemple,* Assistant Attorney General (*Charles E. McNabb,* assistant attorney, on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court: The protest in this case was submitted on stipulation, from which it appears that the merchandise in question consisted of salted or

---

[1] Reported in T. D. 34007 (25 Treas. Dec., 696).
[2] Reported in T. D. 34008 (25 Treas. Dec., 697).

smoked herrings in oil in tins of a capacity between 7½ and 21 cubic inches, the contents of each tin weighing 5 ounces. It was assessed for duty at 2½ cents per can under the clause in paragraph 270 for—

Fish (except shellfish) by whatever name known, packed in oil, in bottles, jars, kegs, tin boxes or cans * * * in packages containing more than 7½ and not more than 21 cubic inches.

It was claimed to be dutiable under paragraph 272 as salted herrings. The board sustained the action of the collector and the importers bring the case here for review.

We have considered the subject of herrings in numerous cases, beginning with United States *v.* Rosenstein (1 Ct. Cust. Appls., 304; T. D. 31357) and including Ahlbrecht & Son *v.* United States (2 Ct. Cust. Appls., 471; T. D. 32226), the recent cases of United States *v.* Smith (4 Ct. Cust. Appls., 70; T. D. 33312) and United States *v.* Haaker (4 Ct. Cust. Appls., 471; T. D. 33884).

The first of these cases held that herrings, kippered, were, in view of the evidence showing that herrings so processed could only be introduced into the commerce of the country in tin cans, more specific than the provision for fish in tins. The Ahlbrecht case extended this view to smoked herrings and other herrings even though they could be introduced otherwise than in tins, adopting the view that all herrings, being corelated in the same paragraph, were more specifically provided for therein than by the general provision for fish in tins. The case of United States *v.* Smith, *supra,* and United States *v.* Haaker, *supra,* followed the rule in the Ahlbrecht case. But none of the cases presented the question appearing on the present record, for the particular clause in paragraph 270 here involved was not involved in any of them. In the case last cited, the provision in general terms of paragraph 273 for "fish, skinned or boned," was contrasted with "herrings, pickled or salted, smoked, or kippered." It was said in the opinion by Judge Smith:

The decision of the case therefore really involves nothing more than the determination of whether the importation is more specifically designated as "herring, pickled," or as "fish, skinned or boned."

It was determined that "herring, pickled" was more specific. But it was said:

Were the competing provisions "herring, pickled," and "herring, skinned or boned," it is entirely probable that the latter might be regarded as the narrower designation, considering that the former embraces not only herring, skinned and boned, but also those which are not. Here, however, the competition is not between "herring, pickled," and "herring, skinned or boned," but between "herring, pickled," and a broad provision which comprehends not only herring, but all fish skinned or boned and whether pickled or not.

In the present case, however, the competing provision of paragraph 270 is not less but more specific than that of paragraph 272 *as applied to the subject matter in question.* It is true that herrings are not specifically *named* in paragraph 270, but it is possible to use

broad language to reach the most exact specificity. Comprehensiveness may so completely hedge about a term as to make clear the legislative intention to include a particular article, and this beyond all peradventure. An instance of this is shown in the provisions of paragraph 475 for all smokers' articles whatsoever, of which language it was said in Knauth v. United States (1 Ct. Cust. Appls., 334, at page 336):

The intensified form of the expression used, together with the far-reaching effect of the qualifying words stated, manifests to our mind a purpose on the part of the legislature to reach out into all branches of trade and commerce and to gather within the dutiable provisions of this paragraph everything used chiefly by smokers, in that pursuit and for that purpose, wherever else they may occur or within whatever other provisions of the tariff law the merchandise may be included.

And accordingly it has been held that these words prevail over the words "boxes, made wholly or in chief value of leather," when both are applicable. Mark Cross Co. v. United States (1 Ct. Cust. Appls., 377; T. D. 31434); Dale v. United States (2 Ct. Cust. Appls, 384; T. D. 32111).

Now, in the present case we find language quite as comprehensive and it leaves no room for construction. "Fish, * * * *by whatever name known*, packed in oil, in bottles, jars, kegs, tin boxes or cans" is a phrase not difficult of comprehension or of application. When we find fish packed in oil in a tin can, there is no difficulty whatever in saying that it is described by the words quoted. When it is said that the present importation is herrings, and that the phrase does not employ that name, the answer is that while it does not employ the word "herrings," it does include herrings within its terms just as definitely and absolutely as if the word had been employed one or more times, for it includes fish, so conditioned, *by whatever name known*.

For a case construing the phrase "by whatever name known," see Mason v. Robertson (139 U. S., 624, 627).

It is claimed that the Smith case (T. D. 33312) is conclusive. It is said that it is immaterial whether the fish be packed in oil, as in this case, or in tomato sauce, as in that case. But we think this is in error. In the Smith case the presence of tomato sauce did not bring the fish within any paragraph fixing a different tariff status for fish packed in or flavored with that material. Nor did the presence of tomato sauce tend in any way to make the classification as "fish in tins" the more appropriate. But in this case the fact that these fish are *packed in oil fixes their tariff status*, and when we find that the packing in oil does so fix the tariff status, we are not prepared to hold that herrings which are salted, and hence in that state dutiable under paragraph 272, can be further processed by being packed in oil and escape classification under paragraph 270 because it had *once* been in a state which entitled it to a classification as herrings, salted.

The decision of the board is *affirmed*.