(C. D. 675)

BENRUS WATCH CO., INC. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided August 13, 1942)

*Lane & Wallace* (*William H. Fox* of counsel) for the plaintiff.
*Paul P. Rao,* Assistant Attorney General (*Richard E. FitzGibbon,* special attorney), for the defendant.

Before TILSON, KINCHELOE, and DALLINGER, Judges

DALLINGER, Judge: This is a suit against the United States, arising at the port of New York, brought to recover certain customs duties alleged to have been improperly exacted on a particular importation invoiced as—57,600 dial screws, 28,800 plate endstone screws, 28,800 shock top screws, and 28,800 stud screws.

Duty was levied thereon at the rate of 45 per centum ad valorem under the following provision in paragraph 367 (c) (1) of the Tariff Act of 1930 for—

(a) Watch movements, and time-keeping, time-measuring, or time-indicating mechanisms, devices, and instruments * * *.

\*        \*        \*        \*        \*        \*        \*

(c) Parts for any of the foregoing shall be dutiable as follows:
(1) Parts (except pillar or bottom plates, or their equivalent, bridges or their equivalent, and jewels) imported in the same shipment with complete movements, mechanisms, devices, or instruments, provided for in subparagraph (a) of this paragraph (whether or not suitable for use in such movements, mechanisms, devices, or instruments), 45 per centum ad valorem; but this clause of this subparagraph shall not be applicable to that portion of all the parts in the shipment which exceeds in value 4 per centum of the value of such complete movements, mechanisms, devices, or instruments;

It is claimed that said merchandise is properly dutiable at the rate of 30 per centum ad valorem under the following provision for—

Screws, except those commonly called wood screws, having shanks or threads not exceeding twenty-four-one-hundreths of one inch in diameter, composed wholly or in chief value of iron, steel, or other base metal, but not plated with

platinum, gold, or silver, or colored with gold lacquer, and not specially provided for.

which provision was incorporated in paragraph 397 of said Tariff Act of 1930 by virtue of the trade agreement made and entered into between the United States and Switzerland and promulgated in T. D. 48093, 69 Treas. Dec. 74.

The case was submitted on the following stipulation:

It is stipulated and agreed between counsel, in the matter of the above protest, that the items invoiced as "57,600 dial screws," "28,800 plate endstone screws," "28,800 shock top screws," and "28,800 stud screws," which were assessed with duty at 45% under paragraph 367 (c) (1), Tariff Act of 1930, consist of screws, not commonly called wood screws, having shanks or threads less than twenty-four one-hundredths of 1 inch in diameter, composed wholly of base metal, not plated with platinum, gold, or silver, or colored with gold lacquer, chiefly used as parts of watches.

It is further stipulated and agreed that the above protest may be deemed to be submitted for decision upon this stipulation, and that subject to the approval of the court counsel for plaintiff may have 30 days after the date of notice of filing of this stipulation in which to file a brief, and that counsel for defendant may have 30 days thereafter in which to file a brief.

The above protest is abandoned as to all items except those above described.

The sole issue involved herein is a question of relative specificity, to wit, are the imported screws more specifically provided for in the above-quoted provision in paragraph 367 (c) (1) than in the one incorporated in said paragraph 397 by virtue of said trade agreement with Switzerland?

It is admitted by counsel for the plaintiff in their brief filed herein that the provision in said paragraph 367 is one predicated on use. But in our opinion it is something more than that. Its scope is limited to the particular parts of watch movements which must be imported in the same shipment with complete movements, and the value of which parts must be less than 4 per centum of the value of such movements.

When all of these provisions are considered, as they must be in determining the scope of the paragraph, it is obvious that in said paragraph 367 is more specific than is the one in said paragraph 397 for screws. Moreover, the latter is the general residuary paragraph of the metal schedule, whereas the former is devoted specifically to watch movements.

But counsel for the plaintiff contend that because the modification of said paragraph 397 by said trade agreement was enacted subsequent to the enactment of the Tariff Act of 1930, therefore the *eo nomine* provision for screws contained in said trade agreement and paragraph 397 should prevail over the use provision contained in paragraph 367. We do not agree with such contention.

In *United States* v. *Elgin National Watch Co.*, 5 Ct. Cust. Appls. 336, T. D. 34532, the United States Court of Customs Appeals had before

it the question of the tariff. classification of certain reconstructed rubies used in the manufacture of watches. Duty was levied thereon at the rate of 20 per centum ad valorem under paragraph 449 of the Tariff Act of 1909 as reconstructed rubies. It was claimed that the articles were properly dutiable at but 10 per centum ad valorem under the provision in paragraph 192 of said act for "all jewels for use in the manufacture of watches." This court (then the Board of General Appraisers) sustained the protest (Abstract 35123, T. D. 34307; 26 Treas. Dec. 509) and its ruling was affirmed by the appellate court. In support of the collector's classification, counsel for the Government there argued that since the provision for "all jewels for use in the manufacture of watches" appeared in prior tariff laws, and the one covering reconstructed rubies occurred for the first time in the 1909 act, it should be presumed that it was the intention of Congress to withdraw from the provision for "all jewels for use in the manufacture of watches" such jewels as were reconstructed rubies. In overruling this contention the appellate court said:

It may be assumed that Congress in the act of 1909 undertook to settle the classification of these synthetic or reconstructed stones of the character named in paragraph 449, the classification of which in a measure was unsettled and had been somewhat in litigation. But the legislative history we have referred to indicates that jewels for watches, not only in prior tariff laws but in the act of 1909 also, were considered as entitled to preferential treatment, as compared with other articles of the same material not designed for use as watch jewels. The specific mention of synthetic or reconstructed rubies in the act of 1909 does not, therefore, in our opinion, signify any intention on the part of Congress to depart from its long-continued favorable treatment of watch jewels. It is safe to assume that not all synthetic or reconstructed rubies are used for watch jewels, and hence the provision for such articles finds scope for application if watch jewels of reconstructed rubies are excluded therefrom.

The two paragraphs of the act of 1909, for the purposes of this case, should, we think, be construed together and as if reading substantially as follows: "Reconstructed rubies shall be dutiable at twenty per centum ad valorem, provided that all jewels composed of reconstructed rubies for use in the manufacture of watches shall nevertheless be dutiable at ten per centum ad valorem.

The merchandise here is watch jewels made of reconstructed rubies. Just how far they have been processed to fit them for that use the evidence does not show, except that the witness testified they were "watch jewels." The official samples before us are minute articles, each having a hole in the center presumably designed to receive the mechanism of the watch which is appropriate therefor. The record does not suggest, and it is not claimed, that they are suitable for any other purpose, and we think their condition and the witness' statement that they are "watch jewels" support the conclusion that they can not in their present condition be practically devoted to any other use or purpose.

Applying the above-expressed reasoning to the facts here present, we are of the opinion that the Tariff Act of 1930 and said trade agreement with Switzerland should be construed together as if reading, substantially, as follows:

Screws, except those commonly called wood screws, having shanks or threads not exceeding twenty-four one-hundredths of one inch in diameter, composed, etc.

shall be dutiable at 30 per centum ad valorem, *provided that all such screws for use in the manufacture of watches shall nevertheless be dutiable at 45 per centum ad valorem.*

Counsel for the plaintiff has cited the case of *United States v. Haaker et al.*, 4 Ct. Cust. Appls. 471, T. D. 33884, as authority for holding that an *eo nomine* designation must be preferred to words of general language.. While this undoubtedly is true, it must not be confused with the numerous cases which hold that use provisions prevail over *eo nomine* designations. While it may be true that language of general description may include some merchandise which is *eo nomine* provided for elsewhere, if that general language contains a use provision it ceases to be general language and becomes specific as to the use of the merchandise which it describes.

In *United States v. Horrax*, 1 Ct. Cust. Appls. 142, T. D. 31187, the appellate court had before it certain tape belting for machinery. It was classified for duty at the rate of 60 per centum ad valorem under the provision in paragraph 349 of the Tariff Act of 1909 for "tapes * * * composed wholly or in chief value of cotton, flax, or other vegetable fiber, * * * not elsewhere specially provided for in this section," and was claimed to be properly dutiable at but 30 per centum ad valorem under the provision in paragraph 330 of said act for "belting for machinery made of cotton or other vegetable fiber and india rubber, or of which cotton or other vegetable fiber is the component material of chief value." In affirming the decision of this court (then the Board of General Appraisers) the appellate court said:

* * * the principle which must be applied is that inasmuch as the articles are principally and commonly used as belting for cigarette machinery, the use for belting must prevail, and determines the classification. *Magone v. Wiederer* (159 U. S., 555), *Meyer et al. v. Cadwalader* (89 Fed. Rep. 963). Again, if we assume that paragraph 349 pertains to a class of tapelike fabrics, such as we have before us, nevertheless we find that the word "tapes" in paragraph 349 is qualified by the words "not elsewhere specially provided for in this section," while the provision in paragraph 330 for "belting for machinery" is not so limited. The provision for belting for machinery must therefore control, under the rule that if an article is within the terms of a general designation, qualified by the phrase "not specially provided for," and there is a specific term not so qualified covering the article, the classification should be under the unqualified clause. *Morrison et al. v. United States* (107 Fed. Rep., 113).

See also *Mark Cross Co. v. United States*, 1 Ct. Cust. Appls. 377, T. D. 31457; *Roger & Gallet et al. v. United States*, 7 Ct. Cust. Appls. 89, T. D. 36424; *United States v. Ducommun Hardware Co.*, 7 Ct. Cust. Appls. 353, T. D. 36904; *United States v. Hillier's Son Co.*, 14 Ct. Cust. Appls. 216, T. D. 41706; and *United States v. Henry L. Exstein Co., Inc.*, 16 Ct. Cust. Appls. 328, T. D. 43079.

Upon the. facts and the law we hold that the above-enumerated screws constituting the imported merchandise herein are properly

dutiable at the rate of 45 per centum ad valorem under said paragraph 367 (c) (1) as parts of watch movements of the kind therein made dutiable at that rate, as classified by the collector, rather than at the rate of 30 per centum ad valorem under said paragraph 397, as modified by the trade agreement with Switzerland, as alleged by the plaintiff.

All claims of the plaintiff are therefore overruled and judgment will be rendered accordingly.