(C. D. 892)

Good Neighbor Imports, Inc. *v.* United States

United States Customs Court, Third Division

(Decided November 9, 1944)

*Barnes, Richardson & Colburn* (*J. Bradley Colburn* of counsel) for the plaintiff.
*Paul P. Rao*, Assistant Attorney General (*Harold L. Grossman*, special attorney) for the defendant.

CLINE, Judge:   This is a suit brought by the plaintiff against the United States for the purpose of recovering a part of the duty assessed on merchandise invoiced as "seal-skin cigarette cases" which was entered at 35 per centum ad valorem under paragraph 1552 of the Tariff Act of 1930, as modified by the trade agreement with the United Kingdom, T. D. 49753.   In the collector's memorandum attached to the papers, it is stated that the merchandise was classified as "smokers' articles" and assessed at the rate of 20 per centum ad valorem under paragraph 1552, but an examination of the entry shows that duty was assessed at 60 per centum ad valorem under that paragraph.   The provisions of law involved read as follows:

PAR. 1552.   *   *   *; and all smokers' articles whatsoever, and parts thereof, finished or unfinished, not specially provided for, of whatever composed, except china, porcelain, parian, bisque, earthenware, or stoneware, 60 per centum ad valorem;   *   *   *.

PAR. 1552. (As modified by the trade agreement with the United Kingdom, T. D. 49753) cigar and cigarette cases and parts thereof, finished or unfinished, not specially provided for, wholly or in chief value of leather—35% ad val.

At the trial a sample was introduced in evidence and marked "Exhibit 1" and the parties agreed that it represents the imported merchandise and is in chief value of leather.   No other evidence was submitted.

The exhibit is in the form of a box, 10⅞ inches long, 3⅞ inches wide, and 1¾ inches high, having 4 receptacles on the inside, each one about the size of a pack of cigarettes.   Each receptacle has a hinged cover, the words appearing on the various covers being "Camel," "Lucky Strike," "Chesterfield," and "Kool," respectively.   The exhibit is covered and lined with leather.   From the appearance of the exhibit, it is designed to be placed on a table or desk for the purpose of holding cigarettes.

The main question involved is whether or not the articles are cigarette cases, within the common meaning of that term.

We have examined various dictionaries and encyclopedias but are unable to find any definition of the term "cigarette case," although the term is mentioned in Webster's New International Dictionary, Second Edition, under the heading "cigarette," giving the combinations and phrases using that word.   In the same work, the word "case" is defined as follows:

Case, n. 1. A box, sheath, or covering of any kind; as, a case for holding goods; a case for spectacles; the case of a watch, a cartridge, or an insect pupa.   *   *   *.

In Funk & Wagnalls New Standard Dictionary of the English Language, 1942 edition, the word is described as

Case, n. 1. Anything intended to enclose or contain something.   2. A box, sheath, bag, or other covering in which something is or may be kept; as, a packing-case; spectacle-case; pillow-case; show-case.   *   *   *.

We have not been referred to any judicial decisions in which the term "cigarette case" has been defined, but boxes used on the table for holding cigarettes have been referred to in some decisions of this court as "cigarette cases." *Rietman-Pilcer Co.* v. *United States*, 61 Treas. Dec. 1501, Abstract 19254; *Continental Mdse. Corp.* v. *United States*, 6 Cust. Ct. 572, Abstract 45513. On the other hand, boxes used for holding cigarettes were referred to as "cigarette boxes" in *Vandiver* v. *United States*, 1 Ct. Cust. Appls. 194, T. D. 31219, and in *Mark Cross Co.* v. *United States*, 1 Ct. Cust. Appls. 377, T. D. 31457, leather cases for holding cigarettes, designed to be carried on the person in the pocket or in traveling hand baggage, were referred to as "cigarette cases." However, the question as to whether the articles were "cigarette cases" as distinguished from "cigarette boxes" was not raised in any of the cases above cited. The only question involved in those cases was whether or not the merchandise was smokers' articles.

Counsel for the defendant claims that the articles herein involved are not cigarette cases because the articles provided for in the trade agreement with the United Kingdom under that name are limited to cigarette cases designed to be carried on the person. In support of this contention, counsel directs our attention to the statements in a pamphlet prepared by the United States Tariff Commission entitled "Trade Agreement Between the United States And the United Kingdom. Digests of Trade Data with respect to Products on which Concessions were Granted By the United States." In Volume VIII, Schedule 15, page 224, of that work the following appears:

*General Statement*

Cigar and cigarette cases in chief value of metal or set with and in chief value of precious or semiprecious stones, designed to be carried on or about the person and valued at more than 20 cents per dozen pieces are dutiable under subparagraph 1527 (c). All other cigar and cigarette cases except those made of china, porcelain, Parian, bisque, earthenware and stoneware, which are specifically excluded, are dutiable as smokers' articles n. s. p. f. under paragraph 1552. Only those cases which are wholly or in chief value of leather are affected by the trade agreement with the United Kingdom.

*Description and uses*

Cigar and cigarette cases of leather provide a convenient means of carrying cigars and cigarettes on the person. Various kinds of light leathers are used in making cigar and cigarette cases, the price of which varies with the fineness of the leather and the quality of the workmanship.

The matter quoted above does not appear to give a definition of cigar and cigarette cases. In the first paragraph, under the heading "general statement," it is stated that cigarette cases in chief value of metal or set with and in chief value of precious and semiprecious stones, designed to be carried on or about the person, and valued at more than 20 cents per dozen pieces, are dutiable under subparagraph 1527 (c) and that all other cigar and cigarette cases, except those made

of china, porcelain, Parian, bisque, earthenware, and stoneware, are dutiable as smokers' articles, and only the cases which are wholly or in chief value of leather are affected by the trade agreement with the United Kingdom. In the second paragraph, it is stated merely that cigar and cigarette cases of leather provide a convenient means of carrying cigars and cigarettes on the person. The Tariff Commission does not appear to define cigar and cigarette cases or to infer that the only ones provided for in the trade agreement are limited to those capable of being carried on the person.

Counsel for the plaintiff takes the position that the provision for cigarette cases in the trade agreement is clear and unambiguous and that, accordingly, the court would not be authorized to consider extraneous matter in construing the meaning of the provision under consideration, citing *Thorens, Inc.* v. *United States*, 31 C. C. P. A. (Customs) 125, C. A. D. 261. That case involved the classification of toilet-paper roll holders with music-box attachments. The importer relied upon a statement in the Digest of Trade Data prepared by the Tariff Commission relating to the provisions of the trade agreement with Switzerland, under which the importer claimed classification of the merchandise as music boxes. The court said:

> We do not find it necessary to consider this publication of the Tariff Commission for we find nothing ambiguous in the use of the term "music boxes" as used in the trade agreement.
>
> In Webster's New International Dictionary, Second Edition, the term "music box" is defined as follows:
>
> *music box.* A box or case containing apparatus moved by clockwork so as to play certain tunes automatically.
>
> We do not understand that appellant's counsel claims that the term is ambiguous, but merely that the publication shows that the makers of the trade agreement intended to include in such term such articles as are here involved.
>
> It is elementary, as we have many times stated, that where no doubt exists as to the meaning of a term, extraneous aids must not be resorted to, for there is no need of construction where no ambiguity exists.
>
> In the case of *Railroad Commission of Wisconsin et al.* v. *Chicago, Burlington & Quincy Railroad Co.*, 257 U. S. 563, the court said that extraneous aids "are only admissible to solve doubt and not to create it."

. In the case of *Procter & Gamble Manufacturing Co.* v. *United States*, 19 C. C. P. A. (Customs) 415, T. D. 45578, the question involved was whether whale oil produced on a vessel on the high seas was imported from a foreign country. The court considered that the term "foreign country" was sufficiently ambiguous to require a consideration of the legislative history of the statute. The court stated the rule as follows:

> It is a cardinal rule of statutory construction that if the language used by the legislative body in the act is so plain and unambiguous as to be readily understood, then there can be no reason or grounds for applying judicial rules of construction to ascertain its meaning. * * * (Citing cases).

The master rule, in the consideration of all statutes, has been to so interpret them as to carry out the legislative intent. * * * (Citing cases).

Accordingly, we have held, and this has been the uniform holding of the courts, that if, from a consideration of the language of the statute under consideration, its context, and other statutes in *pari materia* therewith, it appears that a literal interpretation of the statute involved would produce a result contrary to the apparent legislative intent, then the letter of the statute must yield and the legislative intent be carried out. * * * (Citing cases).

We are of opinion that the term "cigarette.cases" is not sufficiently ambiguous to require extraneous aid in interpreting it. Exhibit 1 in this case is a potent witness and the court may decide the issue involved basing its decision on its own common knowledge and familiarity with the article, citing *United States* v. *Halle Bros. Co.*, 20 C. C. P. A. (Customs) 219, T. D. 45995; *United States* v. *Marshall Field & Co.*, 18 C. C. P. A. (Customs) 469, T. D. 44761; *Krusi* v. *United States*, 1 Ct. Cust. Appls. 168, T. D. 31213.

We find from an inspection of exhibit 1 that it is a smokers' article commonly known as a cigarette case. Since the negotiators of the trade agreement, *supra*, appear to have singled out *leather* cigarette cases from the other smokers' articles provided for in paragraph 1552, it would appear that it was the intention to grant the lower rates of duty to such articles because of the leather component, which would be in harmony with the concessions granted to leather articles in paragraph 1531 in the same trade agreement.

We hold that the cigarette cases herein involved are dutiable at 35 per centum ad valorem under paragraph 1552 of the Tariff Act of 1930, as modified by the trade agreement with the United Kingdom, T. D. 49753. The protest is sustained. Judgment will be rendered in favor of the plaintiff.