## L. A. SALOMON & BRO. v. UNITED STATES[1]

United States Customs Court, Third Division

(Decided December 15, 1938)

Lane & Wallace (Samuel Isenschmid of counsel) for the plaintiffs.

Charles D. Lawrence, Acting Assistant Attorney General (Joseph F. Donohue, special attorney), for the defendant.

Before CLINE, EVANS, and KEEFE, Judges

KEEFE, Judge: The merchandise under consideration in this case consists of 340 bags of finely ground silica. Duty was assessed thereon at 30 per centum ad valorem under paragraph 214, Tariff Act of 1930. The plaintiffs claim that the merchandise is dutiable under paragraph 207 as silica, crude, at $3.50 per ton, or as an earth unwrought or unmanufactured at $1 per ton, or as an earth wrought or manufactured at $2 per ton. By amendment, it is further claimed that the merchandise is free of duty under paragraph 1775, providing for silica eo nomine.

---

[1] C. D. 68.

The pertinent provisions of the Tariff Act of 1930 follow:

PAR. 214. Earthy or mineral substances wholly or partly manufactured and articles, wares, and materials (crude or advanced in condition), composed wholly or in chief value of earthy or mineral substances, not specially provided for, whether susceptible of decoration or not, if not decorated in any manner, 30 per centum ad valorem;   *   *   *

PAR. 207. Clays or earths, unwrought and unmanufactured   *   *   *   not specially provided for, $1 per ton; wrought or manufactured, not specially provided for, $2 per ton;   *   *   *   silica, crude, not specially provided for, $3.50 per ton;'   *   *   *

[TITLE II—FREE LIST]

PAR. 1775. Stone and sand: Burrstone in blocks, rough or unmanufactured; quartzite; traprock; rottenstone, tripoli, and sand, crude or manufactured; silica; cliff stone, freestone, granite, and sandstone, unmanufactured, and not suitable for use as monumental, paving, or building stone; all the foregoing not specially provided for.

The evidence establishes the following facts: The merchandise is silica of volcanic origin, occurring in natural deposits in the Island of Milos, Greece.   After mining, it is ground in a pebble mill by a wet process, levigated on heated drying beds, again ground, and the large particles segregated by passing the silica through an air-separating process.   The ground silica is then placed in paper bags for shipment. The ground product is identical with the basic material in composition and characteristics.   The material is neither stone, sand, nor earth, but is merely a naturally occurring silica which has been ground.

The material is imported for sale, and is sold, as silica to metal polish firms to be used in the manufacture of liquid metal polish as an abrasive.   The manufacturer testified that during fifteen years' experience in the handling this material it has never been sold under any other description than silica and could not be properly otherwise described.

The plaintiffs contend that the material comes directly under the unqualified eo nomine provision for "silica" in paragraph 1775, and it is conceded that being dried and ground it is excluded from the provision for silica in paragraph 207.

The Government admits that both of the provisions for silica under which the plaintiffs claim are unquestionably more specific than the classification thereof as an earthy or mineral substance, but argues that, not being crude, the product is excluded from the provisions of paragraph 207, as silica, crude, and that, as paragraph 1775 is a provision for "Stone and sand:" it is not the silica there provided for, because it is neither sand nor stone; that the fundamental rule for eo nomine provisions, to-wit, that it includes the article in all its forms when without modifying or limiting clauses, can not be applied to paragraph 1775 because it would assume that the provision was an eo nomine designation without limit, whereas the paragraph is

merely a provision for certain named types of stone and sand. Therefore, as the silica named therein must be in the form of either stone or sand, the silica here imported is excluded therefrom because it is a finely ground powder with physical properties differing from stone or sand.

On page 92, vol. 25 of the Encyclopaedia Britannica, 11th edition, it is stated that silica is widely and most abundantly distributed in nature, both in the free state and in combination with metallic oxides, and that free silica constitutes the greatest part of sand and sandy rocks and when fairly pure occurs in the large crystals which we know as quartz.

From the evidence it is clear that the merchandise imported herein is in fact silica reduced by manufacture to a powdered form. The question before us then is whether or not the heading of paragraph 1775 of "Stone and sand:" limits the eo nomine provision to "silica" in the form of stone or sand. A review of the legislative history and the law is rather convincing that the paragraph is not so limited.

At the time the Tariff Act of 1930 was before Congress the provisions for "silica, crude, not specially provided for, $4 per ton; silica, suitable for use as a pigment, not specially provided for, $7.50 per ton"; were stricken by the House from paragraph 207. In addition a note appended thereto recited that "Silica, crude, and silica suitable for use as pigment have been transferred to free list paragraph 1775 by the Finance Committee amendments." As finally passed, in paragraph 1775, a new eo nomine provision was made for silica, not specially provided for, although the paragraph was entitled "Stone and sand:" while paragraph 207 contains a provision for silica, crude, not specially provided for, $3.50 per ton, without any provision for silica suitable for use as pigment. As we view it, this clearly indicates that all silica not otherwise specially provided for is to be admitted under duty-free paragraph 1775, even though in a finely ground state. The provision in said paragraph for "tripoli", a refined earth which has neither the characteristics of stone nor sand, also indicates that paragraph 1775 is not intended to be limited to "Stone and sand:" or to articles in the form of stone or sand.

In the case of Fossil Flour Co., G. A. 4245, T. D. 19980, white and tinted earths were claimed free as tripoli under paragraph 671, act of 1897, the heading of which was "Stone and sand." The court found the merchandise to be a refined earth sold under the names of "fossil earth" and "tripoli" and, even though it was neither stone nor sand, nor had the characteristics thereof, it was admitted free under the eo nomine provision for "tripoli."

In Alpha Lux Co. v. United States, T. D. 44666, sand which had been crushed into a fine powder and containing 93 per centum silica,

was held free of duty as sand under paragraph 1675, act of 1922, although it was not in the form of sand.

The general rule of legislative construction is that the title of an act or of a paragraph does not control the legislation embraced therein. In case of doubt, however, a paragraph title may always be considered as a source of information as to the intent of the legislators. See *Crimmins & Pierce* v. *United States*, 6 Ct. Cust. Appls. 137, T. D. 35392. However, where the provisions in a paragraph clearly indicate a contrary purpose, any doubt as to the scope of the provision contained in a paragraph is dispelled. Here, paragraph 1775, having the title "Stone and sand:" includes within its provisions an *eo nomine* designation for "tripoli," a refined earth, which has neither the characteristics of stone nor sand. Also a provision for sand, manufactured, which has been held to embrace sand ground into the form of a powder. The provision for "silica * * * not specially provided for," includes within its terms silica in any form not otherwise provided for in the act. As crude silica is specially provided for in paragraph 207, the only possible form of silica to be included in paragraph 1775 is silica in a manufactured state. The grinding of the silica here is unquestionably a manufacturing process, and we believe that in view of the legislative history of the provision, heretofore set out, Congress intended such an article to be entitled to free entry under the *eo nomine* provision therefor in paragraph 1775.

For the reasons stated judgment will be entered in favor of the plaintiffs directing the collector to reliquidate the entries and to refund all duty taken.