**No. 58038.**—J. J. Boll and Grossman Radio & Electric Co. v. United States, protest 218950–K (New York).

Opinion by JOHNSON, J. In accordance with stipulation of counsel that the merchandise consists of ½-, 1-, and 2-watt carbon resistors, composed in chief value of metal, used chiefly as parts of radio apparatus, instruments, or devices, the claim of the plaintiffs was sustained.

BEFORE THE FIRST DIVISION, APRIL 29, 1954

**No. 58039.**—M. Pressner & Co. v. United States, protest 210671–K (New York).

OLIVER, Chief Judge: This case relates to certain metal rings on the top of which is inserted a very cheap direction finder, which, in a vague and inaccurate sort of a way, indicates the points of the compass. The bottom of the circle is split so that it can be bent very readily (plaintiff's exhibit 1). The articles were assessed with duty at the rate of 55 per centum ad valorem, as jewelry, under paragraph 1527 (a) (2) of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, T. D. 51802. Plaintiff claims classification for the merchandise as manufactures composed in chief value of base metal, not specially provided for, and dutiable at the rate of 22½ per centum ad valorem under paragraph 397 of the Tariff Act of 1930, as modified by T. D. 51802.

The record consists of a sample of the imported merchandise, exhibit 1, *supra*, and the testimony of three commercial witnesses, all of whom appeared on behalf of plaintiff. A summary of the evidence follows:

The articles in question are sold to advertising agencies, novelty jobbers, candy stores, and five-and-ten cent stores. They are chiefly, if not exclusively, used on camping trips by boy scouts, between the ages of 7 and 13 years, as direction finders. The peculiar construction of these rings permits them to be used in different ways. The opening between the two shanks serves to make the ring adjustable to the size of a finger on which it is fitted, and for attachment to a knapsack or a belt, or fitted to fishing tackle.

The sample of the present merchandise, exhibit 1, corroborates the oral testimony to the effect that these rings are not ornamental or decorative in character. They are obviously cheap novelties. The testimony shows them to be a "five-cent item." A sample is frequently a potent witness. *Marshall Field & Co.* v. *United States*, 20 C. C. P. A. (Customs) 225, T. D. 46037. The appearance and the construction of the sample before us support plaintiff's testimony to the effect that the present merchandise is not jewelry.

Since the parties have stipulated that the articles under consideration are composed "of base metal not plated with silver, gold or platinum and not covered with gold or lacquer," we hold them to be properly classifiable under said modified paragraph 397 and dutiable at the rate of 22½ per centum, as alleged by plaintiff.

The protest is sustained and judgment will be rendered accordingly.