BEFORE THE FIRST DIVISION, JUNE 27, 1957

**No. 60941.**—Rohner Gehrig & Co., Inc., and Etna Products Co. *v.* United States, protest 244632–K (New York).

MOLLISON, Judge: The merchandise the subject of this protest is described on the invoice as "Binders Worbla (Little)" and "Binders Worbla (Large)." It was assessed with duty at the rate of 3 cents each and 20 per centum ad valorem

under the provision in paragraph 1537 (c) of the Tariff Act of 1930, as modified by the Presidential proclamation relating to the General Agreement on Tariffs and Trade, T. D. 51802, for—

Combs of whatever material composed, except combs wholly of rubber or metal, not specially provided for, valued at more than $4.50 per gross.

Plaintiffs contend that the merchandise does not consist of combs and is properly dutiable according to the component material of chief value, which, in the case of the "Binders Worbla (Large)," represented by exhibit 1, was stipulated to be a cellulose compound, other than cellulose acetate, and, in the case of the "Binders Worbla (Little)," represented by exhibit 2, was stipulated to be cellulose acetate. The merchandise represented by exhibit 1 is, accordingly, claimed to be properly dutiable at the rate of 30 per centum ad valorem under paragraph 31 (b) (2) of the tariff act, as modified by the Presidential proclamation relating to the Annecy Protocol of Terms of Accession to the General Agreement on Tariffs and Trade, T. D. 52373, supplemented by T. D. 52462, while the merchandise represented by exhibit 2 is claimed to be properly dutiable at the rate of 20 per centum ad valorem under paragraph 31 (a) (2), as modified by the Presidential proclamation relating to the general agreement, T. D. 51802.

Exhibits 1 and 2 are similar in makeup and appear to be what is best described as a device, consisting of two semicircular toothed parts, pinned or hinged together at one end in such fashion that they may be opened or spread apart, or closed, in which case the teeth overlap each other slightly. Originally, there was a catch or hook molded on each part opposite the hinge, which would lock the parts together when clinched, and which required the parts to be warped apart to open the device, but, in each case, the catch was destroyed in analysis of the exhibits to determine the component material.

According to the evidence, the device is used in holding the hair in one or more of the popular styles, such as the so-called "pony tail." Obviously, in use, the device is opened and the hair is inserted, after which it is snapped shut. It is the contention of the plaintiffs that, in this use, it functions as a barrette or clincher rather than as a comb.

A "comb" is defined by Webster as—

An instrument consisting of a thin strip, as of metal, bone, wood, etc., with a row of teeth on one or both edges or sides, used for adjusting, cleaning, or confining the hair, or for adornment. (New International Dictionary, 2d ed., 1945.)

A "barrette," according to the same authority, is—

A kind of clasp or bar for holding a woman's hair in place.

Plaintiffs' sole witness, the buyer for the importer of the articles at bar, who had sold the same from coast to coast, stated he had never heard the term "comb" applied to them and that the teeth were not functional, but that the hair was held by the clincher or hook arrangement. He did admit, however, that the article "will hold better if it has these little teeth" and that the teeth "make it more secure; in order to hold the hair more secure."

The teeth referred to are not small, such as are found on a barrette offered and received in evidence as plaintiffs' illustrative exhibit 3, but are a very substantial part of the articles at bar.

From the definitions quoted above, it is seen that both barrettes and combs in one use have a similar purpose, that is to hold or confine a woman's hair. In accomplishing this purpose, the articles at bar do make use of teeth, such as are found on combs, and, insofar as they confine hair, they do subserve a comb purpose.

331

Combs are *eo nomine* specially provided for; barrettes are not, and we are of the opinion that, inasmuch as the articles at bar are fairly within the description of combs, even though perhaps equally within the description of barrettes, classification should take place under the *eo nomine* provision for combs, rather than under the more general provisions by component material, which are less relatively specific in their application to the merchandise.

Judgment will, therefore, issue overruling the protest claims accordingly.