BEFORE THE FIRST DIVISION, APRIL 10, 1962

**No. 66686.**—Hudson Shipping Co., Inc. *v.* United States, protests 60/216 and 60/3724 (New York).

OLIVER, Chief Judge: The merchandise involved in this case consists of barrettes, which were assessed with duty at the rate of 55 per centum ad valorem under the provision in paragraph 1527(c)(2) of the Tariff Act of 1930, as modified by T.D. 53865 and T.D. 53877, for—

Articles * * * designed to be worn on apparel or carried on or about or attached to the person, such as and including buckles, * * * combs, match boxes, mesh bags and purses, millinery, military and *hair ornaments*, pins, powder cases, stamp cases, vanity cases, watch bracelets, and *like articles*; all the foregoing and parts thereof, finished or unfinished, composed wholly or in chief value of metal other than gold or platinum * * *. [Italics supplied.]

Plaintiff claims that the articles in question are properly classifiable as manufactures in chief value of base metal, not specially provided for, under paragraph 397 of the Tariff Act of 1930, as modified by T.D. 54108, with a duty assessment at the rate of 20 per centum ad valorem.

The sole witness was the treasurer of Ben Hur Products, the importer of the present merchandise, whose business is the manufacture, sale, and distribution of "hair accessories of all kinds," which include "things that are used to hold hair in place and also to ornament the hair." (R. 4.)

Samples of the articles in question were identified (plaintiff's exhibits 1 to 7, inclusive). From an examination thereof, it appears that they are metal bars, fitted with a hooker or clincher arrangement, and equipped with a metal clasp and special lock. They vary in length from approximately 1½ inches to 3 inches, and in width from about one-sixteenth to one-half of an inch. Securely attached to the outer surface of the metal bar and extending the overall length of the article is a plastic substance, simulating tortoise shell, which the witness described as "demi-tortoise color." Some of the imported items had a white material covering the metal bar, but no samples of those articles are before us. There is no dispute that all of the items in question are in chief value of metal.

The witness testified that he has been familiar with these barrettes for approximately 5 years and that he has seen them used all over the United States by girls, ranging in ages from 3 to 10, to hold the hair firmly or tightly and neatly. Explaining the use of these barrettes, the witness stated that they are placed on the side of the head "close to the scalp at the beginning of where the hair grows, comes out." (R. 12.) The barrette keeps "the hair from falling on the face. Once the hair is inserted the hair stays in that position much better than any other fastening because of its peculiarity in manufacture in that it holds permanently, practically—does not fall out." (R. 14.) A special lock fitted on the barrette enables the article to hold the hair tightly. To remove the barrette, the clasp is loosened, releasing the lock. The "demi-tortoise" color is used because it is a neutral color and blends with "a brown or a black or a medium brown headed hair." (R. 27.) The record contains no explanation for the use of a white material on these barrettes.

That the barrettes in question (exhibits 1 to 7, *supra*) have greater utilitarian value than more ornamental or more decorative barrettes (plaintiff's collective illustrative exhibit 8), as stated by the witness, is not an important consideration in the classification of the barrettes involved herein.

The provision in paragraph 1527(c)(2), as modified, *supra*, invoked herein by the collector, covers all articles which, in their customary use, are carried on or about or attached to the person of the user, not for warmth or protection like clothing, but rather as incidental articles of mere personal comfort, convenience, or adornment. The articles embraced therein are numerous and in some respects diversified. They may be articles of utility or of adornment; or, they may possess both qualities. *Gallagher & Ascher et al.* v. *United States*, 6 Ct. Cust. Appls. 105, T.D. 35343; *United States* v. *Horstmann Co.*, 14 Ct. Cust. Appls. 443, T.D. 42079; and *United States* v. *Astra Trading Corp.*, 44 C.C.P.A. (Customs) 8, C.A.D. 627.

Under the cited authorities, the articles involved herein meet requirements for classification under said modified paragraph 1527(c)(2). The use of these barrettes, as hereinabove described, associates them with articles of comfort to the users thereof. Furthermore, the articles in question are not "plain ordinary" barrettes, as suggested in plaintiff's brief. On the contrary, the use of coloring, either "demi-tortoise" or white, embellishes these barrettes, giving to them a decorative effect or an ornamental feature that lends support to the classification of the articles as "hair ornaments" or "like articles," of the class or kind contemplated by paragraph 1527(c)(2), as modified, as assessed by the collector.

Cases cited by plaintiff are distinguishable. *United States* v. *Beierle*, 1 Ct. Cust. Appls. 457, T.D. 31506; *Calvaire* v. *United States*, 32 Cust. Ct. 464, Abstract 58023; and *M. Pressner & Co.* v. *United States*, 32 Cust. Ct. 468, Abstract 58039. In all of those cases, merchandise under consideration had been classified as jewelry. Thus, the issue presented in each of them was materially different from the one that is now before us. It is unnecessary to review any of them. Suffice to say that they have no control over the disposition of the present case.

In *Rohner Gehrig & Co., Inc., et al.* v. *United States*, 39 Cust. Ct. 329, Abstract 60941, which is also cited in plaintiff's brief, the merchandise consisted of so-called binders which had been classified, and which this court held to be dutiable, as combs. There is nothing about that case to influence the conclusion reached in this case.

For all of the reasons hereinabove set forth, and on the basis of the present record, we hold the barrettes in question to be dutiable at the rate of 55 per centum ad valorem under paragraph 1527 (c) (2), as modified, *supra*, as classified by the collector.

The protests are overruled and judgment will be rendered accordingly.