(C.D. 3936)

THE NISSHO PACIFIC CORPORATION *v.* UNITED STATES

United States Customs Court, Second Division

(Decided December 3, 1969)

*Glad & Tuttle* (*George R. Tuttle* of counsel) for the plaintiff.
*William D. Ruckelshaus*, Assistant Attorney General (*Arthur H. Steinberg* and *Andrew P. Vance*, trial attorneys), for the defendant.

Before Rao, Ford, and Newman, Judges; Rao, C. J., concurring

Newman, Judge: This case concerns the determination of the proper tariff classification of certain items described on the invoice as "Wire Rope Clamps," which were imported from Japan through the port of San Francisco. The merchandise was assessed with duty at the rate of 19 per centum ad valorem under the provision in item 657.20 of the Tariff Schedules of the United States (TSUS) for "other"

articles of iron or steel, not coated or plated with precious metal. Plaintiff claims that the articles are properly dutiable at the rate of 10.5 per centum ad valorem under item 649.37, TSUS, as clamps. We hold that the classification of the collector of customs was correct.

## THE STATUTES

The pertinent provisions of the tariff schedules are:

Classified under:

Schedule 6, part 3, subpart G:

Articles of iron or steel, not coated or plated with precious metal:

\* \* \* \* \* \* \*

Other articles:

\* \* \* \* \* \* \*

| .657.20 | Other | 19% ad val. |
|---------|-------|-------------|

Claimed under:

Schedule 6, part 3, subpart E:

| 649.37 | Vises and clamps (except parts of, or accessories for, machine tools) | 10.5% ad val. |
|--------|--------|--------|

Other provisions:

Schedule 6, part 3, subpart E, headnote 1:

1. Except for blow and other torches (items 649.31 and 649.32), abrasive wheels mounted on frameworks (item 649.39), tool tips and forms for making tool tips (item 649.53), sewing sets, pedicure or manicure sets, or combinations thereof (items 651.11 and 651.13), and except for knives, forks, spoons, and ladles, all the foregoing which are kitchen or table ware of precious metal, this subpart covers only articles with a blade, working edge, working surface or other working part of—

\* \* \* \* \* \* \*

Schedule 6, part 3, subpart G, headnote 1:

1. This subpart covers only articles of metal which are not more specifically provided for elsewhere in the tariff schedules.

## THE ISSUE

The issue to be resolved, then, is whether the articles are specifically provided for *eo nomine* as clamps under item 649.37, TSUS.

## THE RECORD

At the trial, one witness testified on behalf of plaintiff, and one witness was called by defendant. Additionally, a rather large number of

exhibits were introduced by each party, viz: eleven exhibits by plaintiff, and seven exhibits by the Government.

Plaintiff's witness was Edwin O. Lorentzen, sales manager for West Coast Wire Rope & Rigging Co., Inc., a purchaser of wire rope clips from the plaintiff importer, for resale to the marine, construction, and industrial trade.

Defendant's witness was Clifford E. Moffet, president of C. E. Moffet Company, and a longtime manufacturers' representative for the sale of wire rope and wire rope fittings, including wire rope clips.

The evidence establishes beyond peradventure of doubt that the imported articles are known in the trade as "wire rope clips," although Federal specifications refer to them as "wire rope clamps." A wire rope clip is comprised of a U-bolt threaded at the two ends, a saddle and two nuts, and is intended to be used to bind or fasten a wire rope to itself for the formation of a loop or eye at the end. In that process, the U-bolt portion of the clip is placed against the dead end of the wire rope, the saddle secures it against the live end of the rope, and the two nuts are then tightened in place under the saddle. The objective in using the clips is to hold the two pieces of wire rope together in a "fast" manner, and one or more clips may be used to do so. Wire rope clips are generally used in rigging, construction and industrial work in conjunction with wire rope.

### Summary of Arguments

Plaintiff contends that the wire rope clips fall within the common meaning of the term "clamps," in that they are devices operated by a screw movement for holding and binding things together; and that wire rope clips are within the *eo nomine* provision for clamps inasmuch as an *eo nomine* designation of an article, without limitation or a contrary legislative intent, includes all forms of the article.

Defendant insists upon a restrictive interpretation of the term "clamps," and argues that such provision is applicable only to workholding devices, as those used by carpenters, watchmakers, or gunsmiths. Additionally, defendant urges that Congress did not intend to include under one heading of the tariff schedules all devices which hold fast or bind things together.

### The Law

Although not cited in the briefs of either party, headnote 1 of Schedule 6, Part 3, Subpart E, TSUS, appears to dispose of plaintiff's claim. Respecting the tariff schedules, it would seem elementary that in ascertaining the legislative intent or scope of a provision, the primary source

to be consulted is any relevant interpretive headnote, which Congress provided for such purpose.[1]

Headnote 1 of subpart E, so far as is pertinent states:

> * * * this subpart [E] covers only articles with a blade, working edge, working surface or other working part * * *

In light of the foregoing interpretive headnote, the common meaning of the term "clamps" must in any event yield to the expressed legislative intent. Similarly, the general rule that *eo nomine* designations embrace all forms of the named article does not help plaintiff's position, since the headnote clearly evinces a "limitation" and "contrary legislative intent." Hence, whether or not the wire rope clips fall within the common meaning of the term "clamp," we find that the clips are excluded from classification under item 649.37, TSUS, since the exhibits and testimony show they did not possess a "blade, working edge, working surface or other working part."

Although legislative history is usually resorted to for the purpose of resolving ambiguity, it may be studied to ascertain whether a literal interpretation conflicts with the intent of Congress, or whether certain words are employed with a meaning different from that usually given to them. *Pacific Suppliers, Ltd., et al.* v. *United States*, 62 Cust. Ct. 517, C.D. 3819, 299 F. Supp. 1134 (1969). This court on many occasions has made reference to the Brussels Nomenclature and the explanatory notes thereto as a source of legislative history for the TSUS. See *W. R. Filbin & Co., Inc.* v. *United States*, 63 Cust. Ct. 200, C.D. 3897 (1969), for an exhaustive discussion of this subject.

In the present case, it clearly appears from headnote 1 of subpart E that a literal interpretation of the term "clamps" in item 649.37 would conflict with the intent of Congress. Moreover, the restrictive interpretation of the term "clamps" urged by defendant is buttressed by the explanatory notes to the Brussels Nomenclature (volume 2, page 743), which limit the provision for clamps in heading 82.04 of Brussels to those which "like vices, serve as holding tools." In this connection, we note that the language of item 649.37, TSUS is, for all practical purposes, identical to the following pertinent language in heading 82.04 of the Brussels Nomenclature:

> * * * vices and clamps, other than accessories for, and parts of, machine tools * * *.

This highly significant fact warrants the conclusion that item 649.37 was adopted from the Brussels Nomenclature, particularly in view of the fact that there was no comparable provision for clamps in the

---

[1] The importance of the interpretive headnotes in the tariff schedules is pointed up by the *Tariff Classification Study Submitting Report* (page 9) prepared for use of the President and the Congress pursuant to Title I of the Customs Simplification Act of 1954.

Tariff Act of 1930. Also, we have observed that, notwithstanding the provision for clamps in heading 82.04 of the Brussels Nomenclature, the explanatory notes (volume 2, page 688) indicate that certain types of clamping devices are classifiable under heading 73.40 providing for "Other articles of iron or steel," which is comparable to item 657.20, TSUS.

Finally, it has been held that whether or not a given term in a tariff statute is used in an ambiguous manner must be determined not from the literal meaning of the term, but from the connection in which it is used, and a consideration of the entire statute in which the term is found. *Charles Hardy, Inc.* v. *United States*, 21 CCPA 173, T.D. 46509 (1933). Following that rule, an analysis of all of the provisions in subpart E covering various *tools* (including anvils and vises) convinces us that the only clamps which Congress intended for classification in item 649.37 are those which, like vises, serve as holding *tools*— those which hold the articles while work is being performed on the articles. For a description of some of the types of "work holder" clamps used in industry see *Summaries of Trade and Tariff Information* (1968), Schedule 6, Volume 6, page 96. Patently, the wire rope clips are not work holding tools.

In view of the foregoing considerations, we find and hold that the wire rope clips were properly assessed with duty at the rate of 19 per centum ad valorem as "other" articles of iron or steel, not coated or plated with precious metal, under item 657.20, TSUS. Judgment will be rendered accordingly.

### CONCURRING OPINION

RAO, Chief Judge: I agree with my colleagues that item 649.37 of the Tariff Schedules of the United States does not include the wire rope clips involved herein.

Were the provision for vises and clamps in item 649.37 to be considered *in vacuo*, it could be construed as an *eo nomine* designation including all forms of the articles, as claimed by plaintiff. It is a basic rule of statutory construction, however, that for the purpose of ascertaining the intent of Congress, the entire context of a statute must be examined. *Dart Export Corp., et al.* v. *United States*, 43 CCPA 64, C.A.D. 610 (1959); *United States* v. *Gulf Oil Corporation, et al.*, 47 CCPA 32, C.A.D. 725 (1965). Item 649.37 appears in schedule 6, part 3, subpart E, which is preceded by a headnote stating that, with certain exceptions not here pertinent, the subpart "covers only articles with a blade, working edge, working surface or other working part of" metal or other named materials. Such a qualification appears ambiguous when applied to a clamp or a vise, since it is not clear that such

articles have a working surface as that term is ordinarily understood. Thus, it is proper to consider the legislative history and consult extrinsic aids in order to arrive at the meaning intended by Congress. *Brecht Corp.* v. *United States*, 25 CCPA 9, T.D. 48977 (1937); *United States* v. *Weigert-Dagen, et al.*, 39 CCPA 58, C.A.D. 464 (1951); *Textile Printing & Finishing Co., Inc.* v. *United States*, 49 CCPA 24, C.A.D. 789 (1962).

The legislative history of the Tariff Schedules of the United States includes the Tariff Classification Study of November 15, 1960, and supplemental reports. *Rifkin Textiles Corp.* v. *United States*, 54 CCPA 138, C.A.D. 925 (1967). In said Study, in Schedule 6, page 189, it is stated that subpart E covers "certain tools, cutlery, and table, kitchen, and household implements." The provision for vises and clamps here involved is found among items covering tools, such as files and rasps (items 649.01–649.07); non-mechanical saws and blades and parts thereof (items 649.11–649.29); blow torches (items 649.31–649.32); anvils (items 649.33–649.35); abrasive wheels (item 649.39); interchangeable tools for hand or machine tools (items 649.41–649.49).

The Study also states that item 649.37 was derived from existing provisions in paragraphs 353, 372, 396, and 397 of the Tariff Act of 1930. Paragraph 396 covers vises, if hand tools; the other paragraphs do not mention vises or clamps by name. In *P.H. De Wilde et al.* v. *United States*, 35 Cust. Ct. 295, Abstract 59420 (1955), it was determined that vises which were not held and operated by the unaided hands were not hand tools and were not classifiable under paragraph 396, but were dutiable under paragraph 372, as machines. In view of this case, it is significant that the language of item 649.37 is "Vises and clamps (except parts of, or accessories for, machine tools)," thus apparently providing for the articles covered by paragraph 396 and excluding such which might be machines or parts of machines.

The Tariff Classification Study also includes an Alphabetical Index of Commodities Provided for in the Proposed Revised Tariff Schedules of the United States, dated May 20, 1961, which was printed for the use of the House Committee on Ways and Means. In this publication the provision for vises and clamps appears under the designation "Work Holders". The same listing appears in the alphabetical index in volume 77A of the United States Statutes at Large which contains the Tariff Schedules of the United States as promulgated in 1963. While such a list may not be controlling, it is a legitimate source of legislative intent, analogous to legislative titles and arrangements. *United States* v. *Overton & Co. et al.*, 6 Ct. Cust. Appls. 248, T.D. 35474 (1915); *L. A. Salomon & Bros.* v. *United States*, 1 Cust. Ct. 293, C.D. 68 (1938).

The Brussels Nomenclature, which, as stated in the majority opinion, has been referred to many times as a source of legislative history of the tariff schedules, contains a headnote to chapter 82 similar to headnote 1, schedule 6, subpart 3E, *supra*. Brussels item 82.04 includes "vices and clamps, other than accessories for, and parts of, machine tools" in a provision covering other tools. The explanatory notes (vol. 2, p. 743) state that the item includes:

> (B) Hand vices, pin vices, bench and table vices, for joiners and carpenters, locksmiths, gunsmiths, watchmakers, etc., but not including vices forming accessories or parts of machine tools. The heading also includes clamps, cramps and bench holdfasts which, like vices, serve as holding tools (e.g., joiners' cramps, floor cramps and toolmakers' clamps).

The Summaries of Trade and Tariff Information of 1968, which are not controlling since prepared subsequent to the enactment of TSUS, but which may be useful in showing the understanding of the Tariff Commission, state in the section under item 649.37 (schedule 6, volume 6, p. 95):

> This summary covers vises and clamps used for holding articles while work is performed on the articles, except vises and clamps that are parts of or accessories for machine tools. Clamps such as wire-rope clamps, together with clamps or clips for conduit pipe or for flexible hoses are covered in a summary in volume 6:9. [Not yet published.]

It also lists various kinds of clamps which are of the "work holder" type.

All of these indicia of legislative intent point to one conclusion— that the articles Congress had in mind when enacting item 649.37 were vises and clamps which were tools or devices for holding material while a tool worked upon it. Since the articles here involved are not of that type, but are used as fastenings on wire rope, they are not classifiable under item 649.37.