(C.D. 3955)

ARBOR IMPORT CORP. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided January 23, 1970)

*Siegel, Mandell & Davidson* (*Allan H. Kamnitz* of counsel) for the plaintiff.
*William D. Ruckelshaus,* Assistant Attorney General (*Harold L. Grossman* and *Velta A. Melnbrencis,* trial attorneys), for the defendant.

Before Rao, Ford, and Newman, Judges

Newman, Judge: The issue presented in this case is the proper classification for certain ice cream scoops imported from Japan. These articles were classified by the regional commissioner of customs as "Other" hand tools not specially provided for under item 651.53 of the Tariff Schedules of the United States (TSUS), and accordingly assessed with duty at the rate of 3.5 cents per pound plus 17 per centum ad valorem.

Plaintiff claims that the scoops are properly dutiable at the rate of 17 per centum ad valorem under item 649.57, TSUS, as "other mechanical appliances * * * which are not over 25 pounds in weight, are not powered by electricity, and are of types used in the household,

in restaurants, or in retail stores for preparing or serving food or drink."

For the reasons discussed herein, we sustain the protest.

### THE STATUTES INVOLVED

Classified under:

Schedule 6, Part 3, Subpart E, TSUS:
>  Hand tools (including table, kitchen, and household implements of the character of hand tools) not specially provided for, and metal parts thereof:
>
> \*      \*      \*      \*      \*      \*      \*
>
>  Other hand tools:
>
> \*      \*      \*      \*      \*      \*      \*
>
>  Other:
>
> \*      \*      \*      \*      \*      \*      \*

651.53                  Of aluminum_____  3.5¢ per lb.
                                                   +17% ad val.

Claimed under:

Schedule 6, Part 3, Subpart E, TSUS:
649.57   Slicers, choppers, grinders, juice extractors, and other mechanical appliances, all the foregoing which are not over 25 pounds in weight, are not powered by electricity, and are of types used in the household, in restaurants, or in retail stores for preparing or serving food or drink_____  17% ad val.

### THE RECORD

The case was submitted on a representative sample of the imported ice cream scoops (exhibit 1) and an agreed statement of facts. From the agreed facts and exhibit 1 we find:

The articles in issue do not weigh over twenty-five pounds; they are not powered by electricity; and they are of the type used in the household, in restaurants, or in retail stores for the preparation or serving of food.

The articles are used by filling the hemispherical scoop with ice cream or other food, which is then released in the following manner: A lever (connected to a screw pivot) is pressed laterally with the thumb, thereby activating a toothed rack and pinion assembly. The toothed rack is connected to the lever and is curved in such a manner that the pinion will automatically rotate on its axis 180 degrees when the lever is fully pressed. A shaft runs through the center of the pinion and is connected at one end to a metal projection and at the

other end to a curved blade within the scoop. When the pinion is turned 180 degrees (by moving the lever and toothed rack laterally), the connected shaft likewise rotates on its axis 180 degrees, causing the blade within the scoop to move in a semicircle. When the thumb releases the lever, the blade and lever automatically return to their original positions by the action of a wire spring beneath the screw pivot.

## The Issues

To fall within the purview of item 649.57, the ice cream scoops must be: (1) mechanical appliances; (2) not over twenty-five pounds in weight; (3) not powered by electricity; (4) of the type used in the household, in restaurants, or in retail stores for preparing or serving food. The agreed facts satisfy conditions (2), (3), and (4). Hence, the following are the issues:

(1) Are the ice cream scoops "mechanical appliances" of the type provided for in item 649.57?; and,

(2) if so, is item 649.57 a more specific classification than item 651.53?

We hold in the affirmative as to both issues.

## The Law

In *J. E. Bernard & Co., Inc.* v. *United States*, 60 Cust. Ct. 296, C.D. 3372, 282 F. Supp. 476 (1968), the issue was whether certain fountain assemblies were mechanical appliances for spraying liquids and parts thereof within the purview of the superior heading to items 662.35 to 662.50, TSUS. The following definitions of the words "appliance" and "mechanical" were quoted in our *Bernard* opinion (id. at 301–302) and are equally apposite herein:

appliance

*Webster's Third New International Dictionary, 1963 ed.:*

    \* \* \* the act of applying or using \* \* \* 2: something applied to a purpose or use \* \* \* b: a piece of equipment for adapting a tool or machine to a special purpose \* \* \* c: a tool, instrument or device specially designed for a particular use.

*Funk & Wagnall's New Standard Dictionary of the English Language, 1956 ed.:*

    \* \* \* 1. Anything through or by which something is effected or accomplished, or which appertains or is essential to the conduct, course, or operation of a particular thing \* \* \* 2. The act of applying, putting to use, or carrying into operation; application; as the *appliance* of a principal.

\* \* \* Syn: agency, arrangement, contrivance, instrument, machine, means, mechanism, tool.

*Dictionary of Technical Terms, 1957:*

A general term used in speaking of household electric labor-saving devices, such as toasters, mixers, sweepers, etc.

*Reader's Digest Great Encyclopedic Dictionary, 1966:*

1. A device or instrument; especially, an electrically powered device for household work, as a washer, vacuum cleaner, etc. 2. The act of applying; application.

mechanical

*Webster's Third New International Dictionary, 1963 ed.:*

\* \* \* of, relating to, or concerned with machinery or tools \* \* \* produced or operated by a machine or tool \* \* \* b: of or relating to manual operations \* \* \* 6: AUTOMATIC.

*Funk & Wagnall's New Standard Dictionary, 1956 ed.:*

\* \* \* 1. relating to or of the nature of mechanics or mechanism; \* \* \* 2. produced by machine or machinery; \* \* \* 3. resulting from the employment of mechanism; operated by machinery \* \* \*.

*Reader's Digest Great Encyclopedic Dictionary, 1966:*

1. Of, involving, or having to do with the construction, operation, design, etc., of machinery or tools: a *mechanical* engineer. 2. Operated or produced by a machine. 3. Of, pertaining to, or in accordance with the science of mechanics. 4. Made or performed as if by a machine; \* \* \*.

From the above definitions, we concluded in *Bernard* (id. at 302):

It appears from these definitions that the term "appliance" is a broad one encompassing tools, instruments, devices, contrivances, machines, mechanisms, and almost anything applied for a particular purpose. However, when coupled with the adjective "mechanical," it cannot mean everything that is applied or used but must be limited to items which employ mechanical means. Whether or not the term has precisely the same meaning as the word "machine," it must denote an article closely akin to a machine. \* \* \*

In addition to the above definitions, we have noted the *Tariff Classification Study* of November 15, 1960, which was prepared prior to the adoption of the tariff schedules. It states (schedule 6, part 3, page 194):

Item 649.57 would provide for certain non-electrical slicers, choppers, grinders, juice extractors, and other mechanical appliances, of types used in the household, in restaurants, or in retail stores for preparing or serving food or drink. The provisions do not apply to mechanical appliances weighing over 25 pounds. The articles described are predominantly classified in paragraph

339 at the rate of 17 percent ad valorem, the rate which is reflected for this item.[1]

There was no specific provision in the Tariff Act of 1930 for mechanical appliances for preparing or serving food, similar to item 649.57, TSUS. Such provision appears, therefore to have been derived for the most part from heading 82.08 of the *Nomenclature for the Classification of Goods in Customs Tariffs*, generally known as the Brussels Nomenclature,[2] which provides:

Coffee-mills, mincers, juice extractors and other mechanical appliances, of a weight not exceeding ten kilogrammes and of a kind used for domestic purposes in the preparation, serving or conditioning of food or drink.

*The Explanatory Notes to the Brussels Nomenclature* (Vol. II, pages 747–748) state, respecting heading 82.08:

This heading covers non-electric mechanical appliances, generally hand operated, not exceeding 10 kgs. in weight, of a type used in the household for the preparation, serving or conditioning of food and drink; it also extends to apparatus of similar nature and type for use by restaurant keepers, butchers, bakers, grocers, etc.

For the purposes of this heading an appliance is regarded as mechanical if having such mechanisms as crank-handles, gearing, Archimedean screw-actions, pumps, etc.; a simple lever or plunger action is not in itself, however, regarded as a mechanical feature involving classification in this heading unless the appliance is designed for fixing to a wall or other surface, or is fitted with base plates, etc., for standing on a table, on the floor, etc.

The heading thus comprises appliances which would fall either in heading 82.04 [hand tools] or in Chapter 84 [machinery and mechanical appliances] but for the fact that they fulfill all three of the following conditions:
(1) They weigh ten kilogrammes or less.
(2) They are of the domestic type.
(3) They have the mechanical features described.

The following are examples of goods falling within the heading, provided that they conform to the conditions set out above:

Coffee and spice mills; vegetable mincers and mashers; meat mincers and slicers; meat pressers; graters for cheese, etc.; vegetable and fruit slicers, cutters and peelers, including potato chippers; bread slicers; macaroni and spaghetti cutters; appliances for stoning fruit (other than spring-types held independently in the hand); bottle openers and corkers; can openers and sealers; butter churns; *ice cream*

---

[1] Paragraph 339 of the 1930 Act covers table, household, kitchen utensils, whether or not containing electrical heating elements as constituent parts.

[2] Cf. *Herbert G. Schwartz, dba Ski Imports* v. *United States*, 57 CCPA 19, C.A.D. 971 (1969); *The Nissho Pacific Corporation* v. *United States*, 63 Cust. Ct. 456, C.D. 3936 (1969).

*freezers and portion servers,*[3] egg, cream and mayonnaise beaters and mixers; fruit and meat juice extractors; ice crushers. [Emphasis added.]

In the light of the foregoing, we conclude that the ice cream scoops are "mechanical appliances" within the purview of item 649.57. When the articles are used to serve ice cream or other food, they operate mechanically by means of a lever and pivot, toothed rack and pinion assembly, rotating shaft, and blade to dislodge or release the food within the scoop. The mechanical feature is designed to move the blade within a radius of 180 degrees, which covers the hemispherical shape of the scoop, and to automatically return the blade to its original position. These features far surpass the specification of "gearing" in the Brussels explanatory notes respecting those appliances regarded as mechanical (id. at 748).

Defendant contends that the ice cream scoops are excluded from item 649.57 by the principle of *ejusdem generis*, which rule of statutory construction is sometimes invoked by the courts to ascertain the meaning or scope of a general description following particularly enumerated articles. *United States* v. *Damrak Trading Co., Inc.*, 43 CCPA 77, C.A.D. 611 (1956); *Nomura (America) Corp. v. United States*, 62 Cust. Ct. 524, C.D. 3820 (1969), appeal pending. In item 649.57, the general description "other mechanical appliances" follows the words "Slicers, choppers, grinders, juice extractors." However, resort to *ejusdem generis* is not required to construe "other mechanical appliances" since Congress has expressly imposed specific qualifications and limitations on that phrase by the language: "all of the foregoing which are not over 25 pounds in weight, are not powered by electricity, and are of types used in the household, in restaurants, or in retail stores for preparing or serving food or drink." Cf. *United States* v. *American Express Co.*, 8 Ct. Cust. Appls. 157, T.D. 37286 (1917).

If *ejusden generis* were applied in construing the phrase "other mechanical appliances," the phrase would encompass only appliances used to *prepare* food or drink, since the enumerated articles (slicers, choppers, grinders, and juice extractors) are used only in the preparation of food or drink. The language "or *serving* food or drink" [emphasis added] in item 649.57 expresses a broader application than is suggested by the exemplars. Plainly, then, *ejusdem generis* is inapplicable to item 649.57.

---

[3] Defendant points out, quite correctly, that "ice cream servers" are covered by the provision for hand tools in heading 82.04 of the Brussels Nomenclature. However, that heading excludes mechanical types which are provided for in heading 82.08.

Also relied upon by defendant, are the *Summaries of Trade and Tariff Information*, Schedule 6, Volume 6, pp. 147, 148, published by the Tariff Commission in 1968, which state:

> This summary covers a group of miscellaneous hand tools, metal parts, and sets of hand tools, *not specifically provided for elsewhere in the tariff schedules*. Many of the articles are household and kitchen tools.
>
> *   *   *   *   *   *   *
>
> The major group of tools covered by this summary consists of a large variety of hand tools made of iron or steel and not enumerated elsewhere (item 651.47). This item is divided into two statistical subdivisions. The first of these, item 651.4720, covers table, kitchen and household implements of the character of hand tools. Among the tools included in this category are bottle, can, and letter openers; fruit and vegetable corers; melon and potato ballers; corkscrews and cork pullers; fruit, vegetable, egg, and cheese slicers, graters, and cutters; mashers, spatulas, beaters, sifters, turners, tongs, *ice cream scoops*, and strainers; and fireplace tools, hair curling tools, sadirons, shoe horns, and staple removers. * * * [Emphasis added.]

The "ice cream scoops" referred to in the above quoted material clearly would not include the mechanical type involved in this case.

And in any event, we wish to emphasize that the 1968 Summary was published *after* the enactment of the tariff schedules by Congress, and consequently is not evidence of Congressional intent. *W. R. Filbin & Co. Inc.* v. *United States*, 63 Cust. Ct. 200, C.D. 3897 (1969), and cases cited therein.

Finally, we reach the issue of relative specificity. General Interpretative Rule 10(c), so far as is pertinent, provides that an article which is described in two or more provisions of the schedules is classifiable in the provision which most specifically describes it. The ice cream scoops are conceded by plaintiff to be described in item 651.53 as "hand tools"[4] and, as we have concluded, they are also described in item 649.57 as "other mechanical appliances." We hold that the latter provision is more specific than the former.

In determining the relative specificity as between item 651.53 and item 649.57, two general rules appear to be applicable. First, the presence of a "not specially provided for" clause in one of two competing provisions and its absence from the other may effect the classification of the merchandise under the provision in which it is lacking. *Drakenfeld & Co.* v. *United States*, 9 Ct. Cust. Appls. 124, T.D. 37979 (1919); *United States* v. *Horrax*, 1 Ct. Cust. Appls. 142, T.D. 31187 (1911). We have noted that item 651.53 is qualified by a

---

[4] See *Hollywood Accessories, Division of Allen Electronics & Equip. Co.* v. *United States*, 60 Cust. Ct. 360, C.D. 3391, 282 F. Supp. 499 (1968).

"not specially provided for" clause, while item 649.57 is not so qualified. The presence of the "not specially provided for" clause in item 651.53 is an indication that Congress believed that some hand tools might be classified elsewhere than in item 651.53. Cf. *United States* v. *Electrolux Corporation*, 46 CCPA 143, C.A.D. 718 (1959). Second, a designation according to a specific use is generally favored over a provision which is merely *eo nomine* or descriptive, but is not related to any specified use. *United States* v. *Lansen-Naeve Corp.*, 44 CCPA 31, C.A.D. 632 (1957), and cases cited therein; *Drakenfeld & Co.* v. *United States*, *supra*. See also *United States* v. *Electrolux Corporation*, *supra*. The provision for "Other" hand tools in item 651.53 is not qualified as to use, while the provision in item 649.57 for "other mechanical appliances" is limited to a specified use, viz., preparing or serving food or drink.

An additional reason for holding item 649.57 more specific than item 651.53 is that we think the ice cream scoops are more closely described as mechanical appliances used for preparing or serving food than as hand tools. Cf. *Instrumentation Associates, Inc.* v. *United States*, 58 Cust. Ct. 471, C.D. 3022, 269 F. Supp. 777 (1967).

For the reasons given herein, we hold that the merchandise is properly dutiable under item 649.57, as claimed by plaintiff. Accordingly, the protest is sustained, and judgment will issue in conformity therewith.