(C.D. 3975)

DOLLAR TRADING CORP. *v.* UNITED STATES

United States Customs Court, First Division

(Decided March 6, 1970)

*Allerton deC. Tompkins* for the plaintiff.

*William D. Ruckelshaus*, Assistant Attorney General (*Andrew P. Vance*, trial attorney), for the defendant.

Before WATSON, MALETZ, and RE, Judges

MALETZ, Judge: This case involves the proper tariff classification of articles invoiced as "wire scrapers" that were imported in 1966 from West Germany. They were classified by the government under item 750.70 of the Tariff Schedules of the United States as brushes, and duty was assessed at the rate of 28 percent at valorem. Plaintiff seeking partial refund of duty challenges this assessment and claims that the articles should be classified as hand tools under item 651.47, dutiable at the rate of 17 percent. We overrule the protest.

The pertinent provisions of the tariff schedules are as follows:

Classified under:

Schedule 7, Part 8:

COMBS; HAIR ORNAMENTS; BROOMS AND BRUSHES; PAINT ROLLERS; UMBRELLAS AND CANES

SUBPART A.–COMBS, HAIR ORNAMENTS, BROOMS AND BRUSHES, PAINT ROLLERS

\* \* \* \* \* \* \*

Other brooms and brushes:

\* \* \* \* \* \* \*

750.70 Other _____ 28% ad val.

Claimed under:
Schedule 6, Part 3:

## Metal Products

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

Subpart E.–Tools, Cutlery, Forks and Spoons

Subpart E headnotes:
 1. \* \* \* this subpart covers only articles
 (i) base metal;
 with a blade, working edge, working surface or
 other working part of—

\*　　\*　　\*　　\*　　\*　　\*　　\*

Hand tools (including table, kitchen, and
 household implements of the character of
 hand tools) not specially provided for, and
 metal parts thereof:

\*　　\*　　\*　　\*　　\*　　\*　　\*

Other hand tools:

\*　　\*　　\*　　\*　　\*　　\*　　\*

651.47 Other _____ 17% ad val.

The case was submitted for decision upon the following stipulation of the parties: (1) that the merchandise in issue is the same in all material respects as the merchandise involved in *Dollar Trading Corp. v. United States*, 51 Cust. Ct. 154, Abstract 67859 (1963); (2) that the record in that case be incorporated in the record of this case; (3) that the merchandise here is in chief value of steel; and (4) that its working surface consists of metal wires.

As indicated in the previous *Dollar Trading* case, the merchandise has the general appearance of a brush. "It consists of a wooden head or block of an overall length of 13½ inches. Embedded therein and extending for 6½ inches of the length thereof are tufts of steel wire, approximately 1¼ inches long and arranged in rows of three. The remaining 7 inches of the head or block are curved in a manner to form a handle for the article, which is a hand-operated instrument." 51 Cust. Ct. at 155. It was classified by the government under the provision in paragraph 1506 of the Tariff Act of 1930, as modified, for "Brushes, not specially provided for (except paint brushes)." Plaintiff claimed that it was properly classifiable under paragraph 397 of the 1930 act, as modified, for articles composed wholly or in chief value of steel, not specially provided for.

Evidence at trial indicated that the article was used, among other things, to remove scales from forgings; to scrape away blistered paint from metal; to scrape the rust and small burrs from the threats on pipes; to scrape away the accumulated waste from butcher blocks; and to remove sand from small castings. Against this background, plaintiff

argued that the article was a scraper and not a brush on the basis that a brush is an item used to clean by brushing or rubbing over a surface rather than one which scrapes off or scratches out the surface. The court held, however, that the term "brushes" in the tariff act was not a use designation but an *eo nomine designation*,[1] and that the article was a brush within the common meaning of that term. The court stated (51 Cust. Ct. at 157):

> Funk & Wagnalls New Standard Dictionary defines the noun, "brush," as follows:
>
> An implement made of bristles, hair, feathers, broom-corn, sea-grass, or other fibrous and flexible material, fixed to a handle or a back, and intended to be swept or rubbed over surfaces: for cleansing, furbishing, smoothing, applying colors or varnish, etc.
>
> In Webster's New International Dictionary, there appears the following definition:
>
> *brush*, n. * * * 1. A device composed of bristles, vegetable fibers, wire, or the like, set in a suitable back or handle of wood, ivory, metal, or the like, and used for cleaning, scrubbing, painting, etc.
>
> The Encyclopaedia Britannica includes the following comprehensive definition of "Wire Brushes":
>
> Using metal wire for the brush material, these include flue brushes, *brushes for cleaning butchers' blocks* and the steel surfaces of boilers, as well as castings in the foundry. These may be hand-drawn, staple set, or twisted-in-wire, or steel-gript. [Emphasis in original.]
>
> Maple and birch are chiefly used for the backs, galvanized steel wire for the twisted-in-wire handles, and also different gauges of wire for filling the wooden handles or stocks.
>
> Under the foregoing definitions, the article involved herein is a brush, and, more particularly, a steel wire brush. The essential elements of the quoted definitions can be attributable very readily to the brush in question, consisting, as it does, of a wooden head, sufficiently long to serve not only as the handle but also as the block in which are set the strands, or tufts, of steel wire. Directly applicable to the present merchandise is the cited definition of "wire brushes," and of particular significance, in the light of plaintiff's testimony, hereinabove set forth in detail, is the reference therein to "brushes for cleaning butchers' blocks."

Since the earlier case the tariff schedules have replaced the Tariff Act of 1930. However, the term "brushes" was kept unchanged. From this it would seem obvious that the term was intended to have the same meaning under the tariff schedules as under the prior act. Thus the question here is still the same as in the earlier case—whether

---

[1] See also e.g., *Nestle-Lemur Co. v. United States*, 37 Cust. Ct. 209, 211, C.D. 1825 (1956).

or not the imported article is a brush. As in the prior case, plaintiff argues again that use is the basic criterion and since the articles are assertedly used to scrape or scratch out a metal surface rather than for cleaning purposes, they are not brushes. This argument, however, was fully considered by the court and not accepted. Furthermore, plaintiff has failed to show, nor do we find, clear and convincing error in the earlier decision. In these circumstances, *stare decisis* is applicable. See e.g., *Prescolite Mfgr. Corp., et al.* v. *United States*, 63 Cust. Ct. 228, C.D. 3900 (1969) ; *United States* v. *Dodge & Olcott, Inc.*, 47 CCPA 100, 103, C.A.D. 737 (1960). Cf. *Sol Raphael* v. *United States*, 23 CCPA 253, 258, T.D. 48110 (1936).[2] On this basis we hold that the term "brushes" in the tariff schedules is an *eo nomine* designation and not a use provision, and that the article presently in controversy is a brush within the common meaning of that term.

Plaintiff next argues that even if the imported articles are brushes, they are also hand tools under item 651.47. This latter item covering hand tools, it is then argued, is more specific than the provision pertaining to brushes, and therefore General Interpretative Rule 10(c) of the tariff schedules requires that the imported articles be classified as hand tools.[3] But even assuming arguendo that the imported articles are classifiable as hand tools, it is apparent that the provision for brushes is a more specific one and thus prevails. The relative specificity of the items in question is governed by the rule that "[u]nless there is a legislative intent to the contrary, a 'not specially provided for' clause in a *use* provision excludes therefrom articles enumerated elsewhere by descriptive or *eo nomine* designation provided that the competing provision aptly and specifically names or describes the goods in question." *United States* v. *Lansen-Naeve Corp.*, 44 CCPA 31, C.A.D. 632 (1957). See also e.g., *Arbor Import Corp.* v. *United States*, 64 Cust. Ct. 32, C.D. 3955 (1970) (slip op. January 23, 1970, pp. 11–12). In this connection, the definitions of the word "brush" aptly and specifically describe the goods in question under the *eo nomine* provision therefor, as the court found in the earlier *Dollar Trading* case.

There is the further consideration that in determining the relative specificity of competing provisions "the more specific provision is the one having requirements which are more difficult to satisfy." *United States, etc.* v. *Simon Saw & Steel Company*, 51 CCPA 33, 40, C.A.D. 834 (1964). In this context, the provision for brushes is more specific

---

[2] In view of the applicability of *stare decisis*, we need not determine whether collateral estoppel is also applicable.

[3] Rule 10(c) provides in part:

 * * * an imported article which is described in two or more provisions of the schedules is classifiable in the provisions which most specifically describes it * * *

than the one for hand tools not specially provided for. This is because a multitude of hand-operated articles of varying types and designs can be classified under the provisions for hand tools while only those types of articles (such as the ones in controversy) which have a flexible material that is set in a suitable handle are capable of satisfying the requirements of the brush provisions.

Nor is there merit in plaintiff's contention that the requirement of headnote 1, schedule 6, part 3, subpart E, *supra*, restricting such hand tools to those with either "a blade, working edge, *working surface* or other working part of * * * base metal" renders the provision for hand tools more specific than the provision for "brushes." [Emphasis added.] The short answer is that an *eo nomine* provision is more specific than a classification by component material. See e.g., *United States* v. *Cartier (Inc.)*, 15 Ct. Cust. Appls. 334, 337, T.D. 42493 (1927); *Rohner Gehrig & Co., Inc., et al.* v. *United States*, 39 Cust. Ct. 329, Abstract 60941 (1957).

The protest is overruled and judgment will issue accordingly.