(C.D. 3900)

PRESCOLITE MFGR. CORP. 
MATTOON & COMPANY } v. UNITED STATES

United States Customs Court, First Division

(Decided October 15, 1969)

*Glad & Tuttle* (*George R. Tuttle, Jr.*, and *Hudson F. Edwards* of counsel) for the plaintiffs.

*William D. Ruckelshaus*, Assistant Attorney General (*Steven R. Sosnov* and *John A. Winters*, trial attorneys), for the defendant.

Before WATSON, MALETZ, and RE, Judges

MALETZ, Judge: This case is a retrial of *Prescolite Mfgr. Corp. et al.* v. *United States*, 58 Cust. Ct. 418, C.D. 3005, 269 F. Supp. 771 (1967), which concerned the dutiable status of wire retainers that were imported from Sweden with glass globes for use in the manufacture of lighting fixtures. The collector of customs in that case treated the retainers and glass globes as an entirety and assessed duty on the retainers at 31½ percent ad valorem under paragraph 218(c) of the Tariff Act of 1930, as modified.[1] Plaintiffs contended that the wire retainer did not merge with the glass globe but retained its separate identity as a part of the entire lighting fixture which is assembled after importation. In that circumstance, plaintiffs claimed, among

---

[1] Paragraph 218(c) of the Tariff Act of 1930, as modified, T.D. 55816, provided:
Illuminating articles of every description, finished or unfinished,
 wholly or in chief value of glass, for use in connection with
 artificial illumination:

\* \* \* \* \* \* \*

Globes and shades_____ 31½ % ad val.

other things, that the wire retainers were properly classifiable under paragraph 397, as modified, of the 1930 act as articles not specially provided for, composed wholly or in chief value of iron or steel, dutiable at 19 percent ad valorem.[2] Based on the evidence in the record, the court found that the glass globe had no use without the wire retainer; that the retainer had no use without the globe; and that the retainer and globe were sold together as a unit and constituted a single article of commerce. In light of these factual determinations, the court concluded that plaintiffs had not overcome the collector's presumptively correct classification of the wire retainers and glass globes as entireties.

In the present case—which involves precisely the same issue—plaintiffs have not offered any additional evidence but have merely incorporated the record in the prior case and obtained a stipulation that the wire retainers are wholly or in chief value of iron or steel. As in the prior case, the thrust of plaintiffs' argument is that the retainers and glass globes are *not* entireties. This argument was considered fully by the court and not accepted. Furthermore, plaintiffs have failed to show, nor do we find, clear and convincing error in the earlier decision. In these circumstances, *stare decisis* is applicable.[3] As the court stated in *United States* v. *Dodge & Olcott, Inc.*, 47 CCPA 100, 103, C.A.D. 737 (1960):

> While we always are open to consider all proper and pertinent matters which bear upon the issue of possible error in an earlier decision, such matters when presented must be clear and convincing. It is unfair both to the courts and to the parties litigant that there be a re-adjudication of issues previously determined except upon a clear and convincing showing of error. This requirement is not satisfied by a reargument of the former issues on the same or a merely cumulative record. We are unwilling to find error in a prior decision where, as here, the only reason advanced is that the party asserting the error does not agree with our prior decision.

Also pertinent is the following comment in *United States* v. *Mercantil Distribuidora, S.A., et al.*, 45 CCPA 20, 23–24, C.A.D. 667 (1957):

> * * * The rule of *stare decisis*, sometimes known by another Latin phrase meaning "not to disturb what is settled," is appli-

---

[2] Paragraph 397 of the Tariff Act of 1930, as modified, T.D. 54108, provided:

Articles or wares not specially provided for, whether partly or wholly manufactured:

| | | | | | | |
|---|---|---|---|---|---|---|
| * | * | * | * | * | * | * |

Not wholly or in chief value of tin or tin plate:

| | | | | | | |
|---|---|---|---|---|---|---|
| * | * | * | * | * | * | * |

Other, composed wholly or in chief value of iron,
steel, brass, bronze, zinc, or aluminum * * * _____ 19% ad val.

[3] Neither party has discussed whether or not collateral estoppel is applicable and we therefore pretermit that question.

cable here too. The public policy of putting an end to litigation and of not reopening questions which have been decided is a sound one, subject only to the qualification that *clear* error should not be perpetuated. Courts should maintain an open mind and give thoughtful consideration to sincere arguments that they should reverse themselves. But it must be remembered that when they do this they unsettle the law and add to the turmoil of this world, which already has enough. Hence sound policy dictates that prior decisions shall stand until the court is *convinced* they are wrong. Many appeals involve close questions on which men may reasonably differ and in such cases we feel that the statement of Mr. Justice Brewer quoted by appellees from *Hartranft* v. *Meyer*, 149 U.S. 544, 547 [1893], that "A change in the personnel of a court should not mean a shift in the law" is apt. [Emphasis in original.]

See also *Lafayette Radio Electronics Corp.* v. *United States*, 62 Cust. Ct. 44, 52, C.D. 3672, 294 F. Supp. 950, 956 (1969), (appeal pending).

The protests are overruled. Judgment will issue accordingly.