(C.D. 3956)

JULIUS GOLDFARB *v.* UNITED STATES

United States Customs Court, Third Division

(Decided January 23, 1970)

*Glad & Tuttle* (*Edward N. Glad* of counsel) for the plaintiff.
*William D. Ruckelshaus*, Assistant Attorney General (*Thomas Fernandes* and *Robert Blanc, trial attorneys*), for the defendant.

ROSENSTEIN, Judge: This case, comprising four consolidated protests, is a retrial of *Julius Goldfarb, Israel Menchaca* v. *United States*, 55 Cust. Ct. 120, C.D. 2560 (1965), involving the same importer, issues and merchandise (stipulated to be the same in all material respects), wherein it was held that processed strawberries, imported in jars and cans bearing the label "pure strawberry preserves" and prepared by cooking pectin, 45 to 50 per cent whole strawberries and 55 to 50 per cent sugar to a consistency of 68 per cent sugar solids, but with a majority of the berries retaining their shape,[1] did not come, as claimed by plaintiffs, within the ambit of the provision for "jams" in paragraph 751, Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade (T.D. 54108).[2]

Citing the definition of jam in *Webster's New International Dictionary*, 1956, the court found that the common meaning of the term, upon which plaintiffs relied, refers to a fruit preserve in which the fruit is crushed or reduced to a pulp, thereby excluding the subject merchandise; and sustained the collector's classification of the importations as other berries, edible, prepared or preserved, not specially provided for, under paragraph 736 of said Act, as modified by the General Agreement on Tariffs and Trade (T.D. 51802).[3]

The court also took cognizance of plaintiffs' references to the labeling requirements of the Food and Drug Administration for jams and preserves and the Department of Agriculture grading standards for the same; and commented on plaintiffs' failure to claim or prove a commercial designation differing from the common, or dictionary, meaning of jam.[4]

Testimony was adduced by plaintiff in this case bearing on the preparation of the merchandise and the personal understanding of a home economist and a trade consultant on consumer products as to the appearance and preparation of jams and preserves.

In the absence of a clear and convincing showing of error, the decision in *Julius Goldfarb, Israel Menchaca* v. *United States, supra*,

---

[1] The import specialist who handled the entries and examined representative samples from the shipments involved herein and in the prior case was a witness for defendant at both trials. He testified in the pending matter that the merchandise consisted of 80 to 90 per cent whole fruit and 20 to 10 per cent broken pieces in a thick jelly-like liquid.

[2] Paragraph 751, as modified, provides for "Jellies, jams, marmalades, and fruit butters: Currant and other berry * * *", which take a duty rate of 9½, 9, or 8½ per centum ad valorem, depending upon the date of importation.

[3] The provision in paragraph 736, as modified, for "Berries, edible :, * * * Prepared or preserved, or frozen, and not specially provided for: * * * Other", takes a duty rate of 14 per centum ad valorem.

[4] Nor is such claim made herein.

which passed on the contentions raised by plaintiff herein, is *stare decisis* of the issues here involved. *Manca, Inc.* v. *United States*, 47 CCPA 103, C.A.D. 738 (1960); *Prescolite Mfgr. Corp., Mattoon & Company* v. *United States*, 63 Cust. Ct. 228, C.D. 3900 (1969).

Plaintiff urges that the merchandise is jam because no effort is made to preserve the shape of the fruit. However, we look to the imported product, not the manufacturer's intent, to determine its dutiable status. We note that jam is defined in *Funk & Wagnalls New Standard Dictionary of the English Language*, 1939, as—

> A conserve of fruit prepared by thorough cooking and stewing with sugar, reducing it to a pulp.

and in the *New Century Dictionary*, 1946, as—

> A preserve of fruit boiled to a pulp with sugar.

The regulations of other governmental agencies pertaining to jams and preserves have been considered; however, their definitions and regulations do not bind this court in its determination of the meaning of words for tariff purposes. *United States* v. *Mercantil Distribuidora, S.A., et al.*, 43 CCPA 111, C.A.D. 617 (1956); *Swift & Co.* v. *United States*, 27 CCPA 181, C.A.D. 83 (1939).

We are not persuaded of error in the earlier decision. The rule of *stare decisis* is controlling.

The protests are overruled. Judgment will be entered accordingly.