CHARLES JACQUIN ET CIE, INC., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 89-02-00105

(Decided December 10, 1990)

*Sharretts, Paley, Carter & Blauvelt* (*Allan H. Kamnitz*) for plaintiff.
*Stuart M. Gerson*, Assistant Attorney General, *Joseph I. Liebman*, Attorney-in-Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, United States Department of Justice (*Susan Burnett Mansfield*); Office of the Assistant Chief Counsel, International Trade Litigation, United States Customs Service (*Chi S. Choy*), for defendant.

DiCARLO, *Judge*: This action concerns the proper tariff classification of spreadable fruit products made from black cherries, peaches, apricots

and plums which were imported from France. Customs classified the merchandise under various provisions of the Tariff Schedule of the United States for "prepared or preserved fruit." Plaintiff asserts the merchandise is classifiable as "jam" under item 153.32, TSUS. Plaintiff moves for summary judgment under Rule 56(a) of the Rules of this Court.

The Court finds there to be a genuine issue of material fact as to the proper classification of the merchandise. Consequently, Plaintiff's motion for summary judgment is denied.

## BACKGROUND

The merchandise is manufactured by adding sugar, lemon juice, and liqueur or Cognac to whole or cut pieces of pitted fruit and then boiling the mixture to a thick consistency. The government classified the merchandise as "prepared or preserved fruit" under items 146.99, 148.78, 146.24 and 149.28, TSUS, in Schedule 1, Part 9, Subpart B, TSUS, which is entitled "Edible Fruits." The headnote to Part 9, Subpart B states that "the term *'prepared or preserved'* covers fruit which is dried, in brine, pickled, frozen, or otherwise prepared or preserved, *but does not cover fruit juices, or fruit flours, peels, pastes, pulps, jellies, jams, marmalades or butters*, or candied, crystallized, or glace fruits" (latter emphasis added). Plaintiff contends that because the fruit in the merchandise has been crushed, bruised or reduced to a pulp, it is a jam, classifiable under item 153.32, TSUS, covering jellies, jams, marmalades, and butters. Plaintiff's Memorandum Supporting Motion for Summary Judgment, 8.

## DISCUSSION

Summary judgment is proper where there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *Mingus Constructors, Inc. v. United States*, 812 F.2d 1387, 1390 (Fed. Cir. 1987). Plaintiff contends that because its merchandise fits within the common meaning of "jam," there is no genuine issue of material fact. Plaintiff's Memorandum at 10.

The meaning of a tariff term is a question of law. *Digital Equip. Corp. v. United States*, 889 F.2d 267, 268 (Fed. Cir. 1989). If congressional intent is clearly expressed in the language of a tariff provision, the court should not inquire further into the meaning of that provision. *Brookside Veneers v. United States*, 847 F.2d 786, 788 (Fed. Cir. 1988). If congressional intent is not evident, the court must construe the term according to its common and commercial meaning. *Id.*, 847 F.2d at 789.

Both parties rely on *Goldfarb v. United States*, 55 Cust. Ct. 120, C.D. 2560 (1965), *decision upon retrial*, 64 Cust. Ct. 40, C.D. 3956 (1970). The government cites *Goldfarb* for the proposition that the fruit in jams is "crushed or reduced to a pulp." Defendant's Memorandum Opposing Motion for Summary Judgment, 7. The government also cites a Customs Service Decision which restated the *Goldfarb* test to hold that "[m]erchandise which contains *whole or recognizable* pieces of the fruit

or fruits from which manufactured is properly classifiable * * * as prepared or preserved edible fruits." C.S.D. 80-176, 14 Cust. Bull. 1027, 1029 (1979) (emphasis added). Plaintiff, also relying on *Goldfarb*, counters that if the fruit loses its shape or is bruised, crushed or reduced to a pulp, the merchandise is a jam. Plaintiff's Memorandum at 11-12.

In *Goldfarb*, the customs examiner testified that the product contained mostly whole strawberries and "[t]he berries were firm enough so that he could separate them from the syrup with a knife." *Goldfarb*, 55 Cust. Ct. at 123. After consulting dictionaries, the court concluded "a fruit jam is a fruit preserve in which the fruit is jammed, that is, crowded, caught fast, and crushed or bruised." *Id.* at 127. Relying on the testimony that most of the berries were whole and had retained their shape, the court concluded that the mixture was "not a jam in the precise dictionary sense, for the shape of the strawberries is kept. They are not crushed or reduced to a pulp." *Id.*

Plaintiff and defendant also cite a definition of "jam" from Webster's New International Dictionary (2d ed. 1956) which was quoted in *Goldfarb*. According to that definition, jam is "[a] product made by boiling fruit and sugar to a thick consistency, without preserving the shape of the fruit * * *" *Goldfarb*, 55 Cust. Ct. at 127. Plaintiff claims this describes the process used in making its products.

The parties also cite Webster's definition of "preserve" which was quoted in *Goldfarb*. The Court finds this definition unhelpful for two reasons. First, the word "preserve" is included neither within the TSUS item Customs applied, nor in the classification plaintiff proposes. Second, Webster's defines preserve as "[f]ruit canned or made into jams, jellies or the like" and "[f]ruit cooked with sugar so as to keep its shape." *Goldfarb*, 55 Cust. Ct. at 127. These definitions support the contentions of defendant and plaintiff, respectively. Therefore, neither is dispositive.

The Summaries of Trade and Tariff Information state that "[n]o distinction is made between a jam and a preserve by the [Food and Drug Administration] or by the trade." 8 Summaries of Trade and Tariff Information, Schedule 1, 267 (1969). The Tariff Commission states, however, that a distinction is made for tariff purposes.

> If a fruit is processed and packed in a manner which substantially retains the shape of the fruit, then it is dutiable as a preserve under provisions for "prepared or preserved fruit," and not under the tariff provisions for jams. Conversely, a jam is defined as a product made by boiling fruit and sugar to a thick consistency, without preserving the shape of the fruit. An imported product, properly labeled a jam according to FDA standards, might be dutiable as preserved fruit; similarly, some imported products labeled as a "preserve" (e.g., strawberry preserves) may be dutiable as jam.

*Id.*

The Court notes it requested further briefing on several questions regarding the application of the *Goldfarb* standard to the plaintiff's mer-

chandise. The Court finds the test enunciated in that case to be difficult to apply to merchandise made of fruits larger than strawberries and to cherries which are at least slightly crushed in the pitting process. It appears, for example, to lead to the result that canned sliced peaches are classifiable as jam because they do not retain the spherical shape of a whole peach. Nevertheless, the lexicographic materials, the Summaries of Trade and Tariff Information, the prior rulings of the Customs Service and the case law all indicate that the distinction between jam and prepared or preserved fruits is the size and texture of the pieces of fruit. From this evidence, it appears that the common and commercial meaning of jam does not encompass a product containing pieces of fruit which are both whole or large and also firm enough to be easily separated from the surrounding syrup.

The government argues that summary judgment is inappropriate because there exists a question of fact whether the merchandise contains "recognizable pieces of fruit." Defendant's Memorandum at 17. This question, however, is ambiguous and confusing. The government has not stated whether that question goes to the presence of visible pieces of fruit or to the fact that those pieces are recognizable as a particular fruit. In either event, the Court requires further evidence to determine the fact question whether this particular merchandise falls within the common and commercial meaning of jam.

CONCLUSION

The Court finds a question of material fact regarding the proper classification of plaintiff's merchandise. The Court, therefore, denies plaintiff's motion for summary judgment.